582 A.2d 416

**David MILLER and Linda Miller, Husband and Wife**

**v.**

**Lena KISTLER and Commonwealth of Pennsylvania, Department of Transportation.**

**Appeal of Lena KISTLER.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Oct. 30, 1990.

648

Gary A. Brienza, with him, Jeffrey R. Dimmich, Snyder, Dimmich & Guldin, P.C., Allentown, for appellant.

William A. Slotter, Deputy Atty. Gen., with him, Ernest D. Preate, Jr., Atty. Gen., Allentown, for appellee, Dept. of Transp.

Before McGINLEY and KELLEY, JJ., and CRUMLISH, Jr., Senior Judge.

McGINLEY, Judge.

Lena Kistler (Appellant) appeals from an order of the Court of Common Pleas of Lehigh County (trial court), dated February 22, 1990, sustaining the Department of Transportation's (DOT's) preliminary objections to Appellant's third party complaint. We affirm.

On or about October 28, 1988, David and Linda Miller (Plaintiffs) filed a complaint against Appellant in the trial court. The complaint alleges that, on the evening of March 1, 1988, Mr. Miller had parked his automobile and was walking in front of Appellant's home where snow had been piled along the curb.[1] As he stepped over the piled snow, he slipped on a patch of ice and fell. Because of Appellant's allegedly negligent failure to maintain the sidewalk, Mr. Miller avers that he sustained various injuries to his left hand. Mrs. Miller contends that she suffered the loss of her husband's consortium, services and society.

Subsequently, Appellant filed an answer with new matter alleging that, if any snow was piled along the curb of her home, it was plowed there by DOT. Appellant also filed a complaint joining DOT as an additional defendant and averring that DOT's improper plowing caused snow and ice to accumulate thereby creating the dangerous condition which resulted in Mr. Miller's fall. Without filing an answer or new matter, DOT filed preliminary objections to Appellant's third party complaint in the nature of a demurrer.

On May 31, 1989, the trial court heard oral argument on these preliminary objections. Appellant never filed a preliminary objection to DOT's preliminary objections which the trial court thereafter granted by opinion and order dated February 22, 1990. Appellant then filed the present appeal.

Our scope of review of a trial court's grant of preliminary objections is limited to determining whether the

---

**1.** The complaint does not allege the height, width or depth of the snow. It merely contains a conclusory statement that Appellant negligently failed to maintain the sidewalk.

trial court committed an error of law or abused its discretion. *Rok v. Flaherty,* 106 Pa.Commonwealth Ct. 570, 527 A.2d 211 (1987). We find that the trial court properly sustained DOT's preliminary objections. Appellant argues that the trial court should have refused DOT's preliminary objections because any immunity defense should be pled as an affirmative defense in a responsive pleading under the heading "new matter." However, sovereign immunity "can only be waived by a *specific* enactment of the legislature." *Hoffner v. James D. Morrissey, Inc.,* 36 Pa.Commonwealth Ct. 513, 515, 389 A.2d 702, 703 (1978) (emphasis in original).

■ Moreover, sovereign immunity may be raised as a preliminary objection. In *Malia v. Monchak,* 116 Pa.Commonwealth Ct. 484, 543 A.2d 184 (1988), this Court held that if an immunity defense is apparent on the face of the challenged pleading it will be considered unless the opposing party files a preliminary objection to the preliminary objection. Because DOT is an agency of the Commonwealth the immunity defense is apparent on the face of Appellant's third party complaint. In addition, Appellant failed to file a preliminary objection of her own. The trial court did not err by reviewing DOT's preliminary objections.

■ With regard to Appellant's contention that the real property exception to sovereign immunity contained in 42 Pa.C.S. § 8522(b)(4) applies, because the legislature intended to exempt the Commonwealth from immunity only in those situations specifically enumerated, we must strictly construe this exception. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). Nonetheless, Appellant contends that there is a waiver based upon her allegation that improper plowing by DOT created an artificial accumulation of snow and ice which, in turn, caused Plaintiffs' injuries. Appellant incorrectly characterizes the accumulation of snow and ice as an artificial condition.

In *Vitelli v. City of Chester,* 119 Pa.Commonwealth Ct. 58, 61, 545 A.2d 1011, 1012–13 (1988), we held that "[s]ho-

velled snow is a natural incident of the snowfall which cannot be separated from the snowfall itself. The fact that snow has been shovelled into the street does not change its character from 'natural' to 'artificial.' " Although *Vitelli* was decided under Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542 (relating to governmental immunity), this Court, by implication, has extended the reasoning of *Vitelli* to cases arising under Section 8522 (relating to sovereign immunity). *See Huber v. Department of Transportation,* 122 Pa.Commonwealth Ct. 82, 551 A.2d 1130 (1988).

Furthermore, the Supreme Court has held that sovereign immunity is waived pursuant to Section 8522(b)(4) only when it is alleged that the artificial condition itself caused the injury to occur. *Snyder.* Because the reasoning of *Vitelli* also applies to the real property exception to sovereign immunity, 42 Pa.C.S.A. § 8542(b)(3), we hold that any improper plowing by DOT did not create an artificial condition for which DOT can be held liable. A contrary conclusion would allow DOT to avoid liability for leaving roads unplowed but expose DOT to liability whenever it attempts to clear these same roads.

We note that, in *Department of Transportation v. Weller,* 133 Pa.Commonwealth Ct. 18, 574 A.2d 728 (1990), a panel of this Court, with one judge dissenting, held that a cause of action could be maintained against DOT for negligently piling snow above a guardrail. *Weller* involved a factual situation where DOT piled snow in a manner which created an artificial accumulation that, in effect, formed a ramp over the berm and guardrail. As a result, the guardrail was useless and decedent's vehicle travelled off the bridge causing decedent to fall to his death. *Weller* is distinguishable on the basis that the accumulation in *Weller* was an artificial accumulation which rendered the installation of the guardrail ineffective.

Accordingly, we affirm the trial court's order sustaining DOT's preliminary objections.

## ORDER

,AND NOW, this 30th day of October; 1990, we affirm the order of the Court of Common Pleas of Lehigh County, dated February 22, 1990, sustaining the preliminary objections filed by the Pennsylvania Department of Transportation in the above-captioned case.