## Gordon v. Borough of East Stroudsburg

*Charles W. Gordon,* for plaintiffs.
*David A. Williams,* for defendant.

MILLER, *J.,* September 29, 1993—This action was commenced by a writ of summons filed by plaintiffs, Thomas and Shirley Gordon, on February 5, 1990. The writ was docketed to no. 371 Civil 1990. Subsequently, on July 10, 1991, plaintiffs filed a complaint which, for unknown reasons, was docketed to no. 2859 Civil 1991. In order to organize this matter procedurally, a stipulation of counsel was filed on March 17, 1992 wherein the complaint at no. 2859 Civil 1991 was consolidated with the original civil action at no. 371 Civil of 1990. Thereafter, plaintiff's counsel filed a praecipe to discontinue no. 2859 Civil 1991.

On March 23, 1992, defendant filed preliminary objections to plaintiffs' complaint which were resolved by the plaintiffs' filing an amended complaint.

This matter is now before the court on motion for summary judgment filed by the defendant, Borough of East Stroudsburg. Defendant has attached to its motion answers to interrogatories propounded to plaintiff husband as well as his deposition testimony. We also have before

us the deposition testimony of Richard Ace, Borough Superintendent of Maintenance.

The parties have filed respective briefs and oral argument was heard by this court on August 19, 1993.

Before addressing the moving party's specific prayers for relief, we must review the general rule applicable to motions for summary judgment. The Pennsylvania Rules of Civil Procedure provide in pertinent part as follows:

"Rule 1035. *Motion for Summary Judgment*—

"(a) After the pleadings are closed but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

"(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages."

Further, summary judgment is only properly granted in cases in which the right to said judgment is clear and free from doubt, any existing doubts being resolved against the moving party. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991); *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 562 A.2d 279 (1989). In support of the motion, the moving party has the burden of proving the non-existence of any genuine issue of material fact and that said moving party is entitled to judgment as a matter

of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979); *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989). In ruling on a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* With these general principles in mind, we now turn to the specific requests for relief brought by the defendant.

The instant record, viewed in the light most favorable to plaintiffs, the non-moving parties, reveals the following. On February 29, 1988, plaintiffs drove to East Stroudsburg from their home in Easton to deliver some of plaintiff husband's crafts which were to be sold by the Older Workers Employment Services located at 15 Day Street, East Stroudsburg. The building is located in an area known as "Borough Park," which is owned by the municipality.

After parking his car in the Borough lot located behind the building, plaintiff husband noticed that the parking lot in which he was parked was covered with snow and ice. Nevertheless, he exited his car and walked across the parking lot, inexplicably climbing over an approximately 2-foot-high snow bank, to an access road that led to the front of the building. Mr. Gordon testified that the access road itself was blacktopped and was plowed and dry. After taking about "six or eight steps going toward Day Street," he fell.

As a result of this fall, plaintiff husband sustained a fracture of the left tibia and fibula.

Defendant cites three arguments in support of its motion for summary judgment. Since we find that the facts in this case fall squarely into the Political Subdivision Torts Claims Act, 42 Pa.C.S. §§8541-8542, we need not discuss the two remaining arguments.

Under the act cited above, a municipality will be immune to suit unless the allegations fall into one of the legislatively created exceptions to the act. One of those exceptions, known as the streets exception, provides that a local agency may be held liable for:

"(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could be reasonably charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(6)(i).

Based on the above exception, our appellate courts have held that in order for liability to be imposed upon a local agency arising out of the care, custody, or control of streets, the injury must result from an artificial condition or defect in the land itself, and not where the injury results from natural weather conditions. *Bowles v. SEPTA,* 135 Pa. Commw. 534, 581 A.2d 700 (1990). See also, *City of Philadelphia v. Melendez,* 156 Pa. Commw. 271, 627 A.2d 234 (1993).

Snow and ice are natural weather conditions incident to February in the Pocono Mountains. No amount of improper snowplowing will create an artificial condition. *Miller v. Kistler,* 135 Pa. Commw. 647, 582 A.2d 416 (1990); *alloc. denied,* 593 A.2d 427 (1990). Plaintiffs have made an allegation that the ice was of a type known as "black ice" and was thus not a "natural" condition. We have found no authority and plaintiffs have cited none to bolster this argument that such "black ice" falls within the exception to the act.

Assuming arguendo that this "black ice" was other than a natural condition, plaintiffs have not alleged that the borough had any notice that it existed.

Based upon the foregoing, we find that the Borough of East Stroudsburg is immune from liability as a matter of law and is entitled to summary judgment.

## ORDER

And now, September 29, 1993, the Borough of East Stroudsburg's motion for summary judgment is granted.