Kathleen BURNS, Appellant,

v.

Lois CROSSMAN and City
of Philadelphia.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1999.

Decided Nov. 12, 1999.

Joe H. Tucker, Jr., Philadelphia, for appellant.

Alan C. Ostrow, Philadelphia, for appellee, City of Philadelphia.

Before PELLEGRINI, J., KELLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Kathleen Burns (Appellant) appeals the order of the Court of Common Pleas of Philadelphia County (trial court) that granted the City of Philadelphia's (City) motion for summary judgment, which dismissed the City as a party in the case at bar. The issue raised on appeal is whether the trial court erred in determining that the release of the alleged primary tortfeasor releases any liability of the City. We hold that the City could only be secondarily liable for the injuries sustained by Appellant and the release of the alleged primary tortfeasor releases any liability of the City. Thus, we affirm the order of the trial court.

The relevant facts of this case are as follows. On March 3, 1996, Appellant tripped and fell on an alleged defective sidewalk that was owned by Lois Crossman (property owner) at 1345 Robbins Street, Philadelphia, Pennsylvania. Appellant sued the property owner and the City for damages as a result of the accident. Appellant alleged that in January of 1996 a severe snowstorm caused the City

to plow the street immediately adjacent to her sidewalk, which placed large amounts of snow on her sidewalk. Appellant alleged that after several failed attempts to get the City to remove the snow from the sidewalk, the snow eventually melted which Appellant alleges caused the sidewalk to crack at the area where she fell. Appellant testified that she requested the City repair the sidewalk but the City replied that Appellant was to repair the sidewalk and the City would reimburse Appellant for the costs. No repairs were completed by March 3, 1996, when the trip and fall occurred.

Subsequent to filing the complaint, Appellant executed a joint tortfeasor release with the property owner. On October 1, 1998, the City filed a motion for summary judgment arguing that it could only be secondarily liable to Appellant and because the property owner had been released, it was immune from suit. By an order dated November 10, 1998, the trial court granted the City's motion for summary judgment. Appellant appealed that decision to the Superior Court, which transferred the appeal to this Court.

On appeal,[1] Appellant argues that the City is primarily liable to her because the City allegedly created the specific defect that caused Appellant's injuries, thus, the trial court erred in dismissing the City as a party. We disagree.

■ Under the Political Subdivision Tort Claims Act,[2] the City is only secondarily liable for a dangerous condition of a sidewalk under the care, custody or control of others. 42 Pa.C.S. § 8542(b)(7). The release of the primarily liable party extinguishes any claims against the secondarily liable party. *Mamalis v. Atlas Van Lines,* 522 Pa. 214, 560 A.2d 1380 (1989).

Appellant argues that the City is primarily liable in this case because it allegedly created the specific defect that caused Appellant's injuries. Specifically, Appellant argues that the City was negligent for placing "an unreasonable amount of snow" on the property owner's sidewalk and did not remove the snow nor fix the sidewalk once it became defective.

■ However, we hold that no cause of action can exist in this case against the City for plowing snow off of the road. *Miller v. Kistler,* 135 Pa.Cmwlth. 647, 582 A.2d 416 (1990), *allocatur denied,* 527 Pa. 656, 593 A.2d 427 (1991). In *Miller,* this Court held "that any improper plowing by [the Pennsylvania Department of Transportation (DOT)] did not create an artificial condition for which DOT can be held liable. A contrary conclusion would allow DOT to avoid liability for leaving roads unplowed but expose DOT to liability wherever it attempts to clear these same roads." 582 A.2d at 418. As in the *Miller* case, the plowing of the snow by the City did not create an artificial condition for which the City can be held liable. *Miller;* 42 Pa.C.S. §§ 8522(b)(4), 8542(b)(3).

Since the City could only be held secondarily liable for Appellant's injuries and the primarily liable party has been released, the trial court correctly dismissed the City as a party to this action. *Mamalis.* Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, this 12th day of November, 1999, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

**1.** Summary judgment may be properly granted where the moving party has established that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *McNeal v. City of Easton,* 143 Pa.Cmwlth. 151, 598 A.2d 638 (1991). On appeal of entry of summary judgment, we may reverse the trial court where error of law has been committed or there is an abuse of discretion. *Id.*

**2.** 42 Pa.C.S. §§ 8541–8542.