Janet T. KAHRES, Individually, and as Executrix of the Estate of William G. Kahres, Jr., Deceased, Appellant,

v.

John G. HENRY and Esther M. Henry, Individually and as Husband and Wife, and Hillside Haven, Inc. t/a Jack and Snooky's Hillside Haven, Michael Stump, Ray Allen Noll, Jasanjo Inc. t/a Chem Seal of Berks, Rodney A. Muthard, Mary Jane Muthard, Commonwealth of Pennsylvania, Department of Transportation.

Janet T. Kahres,

v.

John G. Henry and Esther M. Henry, Individually and as Husband and Wife, and Hillside Haven, Inc. t/a Jack and Snooky's Hillside Haven.

Commonwealth Court of Pennsylvania.

Argued March 11, 2002.

Decided June 25, 2002.

Eric I. Lerner, Philadelphia, for appellant.

John W. Stahl, Allentown, for appellees.

Before McGINLEY, Judge, and LEAVITT, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Senior Judge MIRARCHI, Jr.

Janet T. Kahres (Kahres) appeals, on her behalf and as executrix of the estate of her husband, William G. Kahres, Jr., from an order of the Court of Common Pleas of Berks County that entered summary judgment in favor of the Commonwealth of Pennsylvania, Department of Transportation (DOT) and against her and other defendants. We affirm.

The record reveals the following relevant facts. During the winter months in 1994, the defendants, John G. and Esther M. Henry, hired the defendant, Michael Stump, to plow snow from the parking lot of their tavern, known as "Jack and Snooky's Hillside Haven," located at 2910 Pricetown Road, a state highway, in Temple, Berks County. In the early morning on February 12, 1994, Stump plowed snow from the tavern parking lot and pushed it across Pricetown Road onto the property located on the other side. The snow removal created a large mound of ice and snow on the shoulder and portion of the northbound lane of Pricetown Road.

Later that day at approximately 5:40 p.m., Kahres' husband was driving a 1988 Nissan Sentra southbound on Pricetown Road with Kahres in the front passenger seat when his car collided with a pickup truck driven by the defendant, Ray Allen Noll, who was traveling northbound on Pricetown Road. The collision occurred when the snowplow attached to the front of Noll's pickup truck struck the snow mound created by the snow removal from the parking lot of the Henrys' tavern earlier that day, causing Noll to lose control of the truck and forcing the left rear of the truck into the southbound lane directly in the path of the car driven by Kahres' husband. Kahres' husband died due to severe injuries sustained in the collision. Kahres also sustained injuries in the accident.

Prior to the accident, Governor Robert P. Casey issued the Proclamation of Disaster Emergency on January 6, 1994 for counties in western Pennsylvania due to the severe winter weather. Subsequently on January 19, 1994, the Governor amended the Proclamation and declared all counties in Pennsylvania to be in a state of disaster emergency. Approximately fifty-two inches of snow fell in Berks County from January 1 to February 12, 1994, the date of the accident, including more than fourteen inches of snow from February 9 to February 12, 1994. The Proclamation of Disaster Emergency was still in effect in Berks County at the time of the accident.[1]

1. The Governor's Proclamation of Disaster Emergency issued in January 1994 contained the following statement: "[T]he Commonwealth, its employees, agents or representatives engaged in *any emergency services activities concerning snow removal*, debris and wreckage removal, public health and safety activities, or other related functions within the declared disaster counties shall be entitled to receive the civil liability protection afforded in them by Sections 7303(c) and 7704 of the Emergency Management Services Code." (Emphasis added.).

In October 1994, Kahres filed a wrongful death and survival action against DOT and other individual defendants seeking damages for her husband's death. In January 1996, Kahres filed a separate action against the defendants seeking to recover for her own injury sustained in the accident. Pursuant to the parties' subsequent stipulation, the trial court consolidated the two actions.

In the complaints, Kahres alleged, *inter alia,* that DOT was negligent, careless and reckless in permitting dangerous accumulations of ice and snow on the highway, failing to prevent the other defendants from creating the dangerous condition, failing to warn the public of the dangerous condition, and failing to perform its statutory duty to properly maintain highways. During discovery, DOT's employee testified that he plowed the snow on Pricetown Road several times before the accident, but could not push it onto the shoulder without larger equipment.

After completion of the discovery, DOT filed a motion for summary judgment asserting that Kahres' actions against DOT were barred by sovereign immunity. In a subsequently filed supplemental motion for summary judgment, DOT also raised the defense of immunity from civil liability under Section 7704(a) of the Emergency Management Services Code (Emergency Code), *as amended,* 35 Pa.C.S. § 7704(a).[2]

The trial court concluded that DOT had no common law duty to remove or treat the natural accumulation of ice and snow from the roadway and that Kahres' claim did not fall within the exception to sovereign immunity under Section 8522(b)(4) of the Judicial Code, *as amended,* 42 Pa.C.S. § 8522(b)(4), for "[a] dangerous condition of Commonwealth agency real estate and sidewalks, ... and highways under the jurisdiction of a Commonwealth agency." The trial court accordingly granted DOT's motion and entered summary judgment in favor of DOT and against Kahres and the other defendants. Kahres' appeal to this Court followed.

Summary judgment may be granted in whole or in part, "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report...." Pa. R.C.P. No. 1035.2(1). Grant of summary judgment is proper, where viewing all the facts in the light most favorable to the nonmoving party and resolving all doubts as to the existence of material fact against the moving party, the moving party is entitled to judgment as a matter of law. *Mayflower Square Condominium Ass'n v. KMALM, Inc.,* 724 A.2d 389 (Pa. Cmwlth.1999). Summary judgment may be granted, only where the moving party's right is clear and free from doubt. *Allen v. Mellinger,* 156 Pa.Cmwlth. 113, 625 A.2d 1326 (1993), *appeal denied,* 537 Pa. 653, 644 A.2d 738 (1994).[3]

---

**2.** Section 7704(a) of the Emergency Code provides in relevant part:

    (a) **General rule.**—Neither the Commonwealth nor any political subdivision thereof nor other agencies nor, except in cases of *willful misconduct,* the agents, employees or representatives of any of them engaged in *any emergency services activities* ... while complying with or attempting to comply with this part or any rule or regulation promulgated pursuant to the provisions of this part, shall be liable for the death of or

any injury to persons or loss or damage to property as a result of that activity. (Emphasis added.)

**3.** This Court's scope of review of the trial court's decision to grant or deny a motion for summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Wetzel v. City of Altoona,* 152 Pa.Cmwlth. 309, 618 A.2d 1219 (1992).

Kahres contends that the trial court erred in entering summary judgment in favor of DOT and against her because there are genuine issues of material fact as to whether her claims against DOT fall within the real estate and highways exception to sovereign immunity under Section 8522(b)(4) of Judicial Code and whether DOT is immune from civil liability under Section 7704(a) of the Emergency Code.[4]

■ The Commonwealth enjoys sovereign immunity and remains immune from suit, except as the Legislature specifically waives the immunity. Article 1, Section 11 of the Pennsylvania Constitution, Pa. Const. art. 1, § 11; 1 Pa.C.S. § 2310. The Legislature has waived sovereign immunity in Section 8522(a) of the Judicial Code "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not protected by sovereign immunity." To defeat the defense of sovereign immunity, the plaintiff must also establish that his or her allegations fall within one of nine enumerated exceptions to sovereign immunity set forth in Section 8522(b). *Dean v. Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000). The exceptions to sovereign immunity under Section 8522(b) must be strictly construed in light of the Legislature's clear intent to insulate government from exposure to tort liability. *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995).

■ To meet the threshold requirement that the alleged damages would be recoverable under the common law or a statute against a party not protected by sovereign immunity, the plaintiff must prove the following elements of negligence: (1) the defendant's duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. *Talarico v. Bonham*, 168 Pa. Cmwlth. 467, 650 A.2d 1192 (1994).

■ Kahres argues that she has a cause of action against DOT for breach of its statutory duty to properly maintain its highways. In support, Kahres relies on Section 704 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. § 670–407, which requires DOT to purchase all necessary material and employ all necessary labor or repairmen to "keep the State Highways free from holes, ruts, sticks, loose stones, or other impediments of any kind, which tend to interfere with free and easy travel, or which if permitted to exist might tend to deterioration, injury, or destruction of the highway."

■ Such general statutory duty to repair and maintain state highways imposed by the State Highway Law, however, does not create a cause of action for a specific plaintiff. As this Court stated in *Huber v. Department of Transportation*, 122 Pa. Cmwlth. 82, 551 A.2d 1130, 1134 (1988),

4. The trial court denied as moot DOT's supplemental motion for summary judgment and did not consider DOT's defense of immunity from civil liability under the Emergency Code. Kahres does not dispute that the Proclamation of Disaster Emergency was in effect at the time of the accident. Because we affirm the trial court's entry of summary judgment based on sovereign immunity under Section 8522 of the Judicial Code, it is unnecessary to address DOT's defense of immunity under Section 7704(a) of the Emergency Code. Suffice to note that where the alleged injury was caused by "emergency services activities," the plaintiff must show willful misconduct of the Commonwealth employees under the *specific* immunity provision of Section 7704 of the Emergency Code, not merely negligence under the *general* provision of Section 8522 of the Judicial Code. *Zuppo v. Department of Transportation,* 739 A.2d 1148 (Pa. Cmwlth.1999).

*appeal denied,* 525 Pa. 637, 578 A.2d 931 (1989):

> [A]t common law, DOT has no duty to remove . . . ice and snow and Appellants have no cause of action. . . . Viewing the provisions of the Administrative Code and State Highway Law and weighing the possible burdens and benefits of imposing a duty upon DOT under the given facts, we will not interpret DOT's *general* duty of snow removal under the statutes to include a *specific* duty to protect Appellants from the harm suffered in this case. (Emphasis in original; citation omitted.)

■ Further, "DOT does not assume the duty to clear a highway on behalf of specific motorists because its vehicles have begun to remove ice and snow somewhere on the highway." *Hunt v. Department of Transportation,* 137 Pa.Cmwlth. 588, 587 A.2d 37, 40 (1991), *appeal denied,* 528 Pa. 633, 598 A.2d 286 (1991). Consequently, no cause of action against DOT can be found based on improper plowing of snow. *Burns v. Crossman,* 740 A.2d 773 (Pa. Cmwlth.1999). A contrary conclusion "would allow DOT to avoid liability by leaving roads unplowed but expose DOT to liability whenever it attempts to clear these same roads." *Miller v. Kistler,* 135 Pa.Cmwlth. 647, 582 A.2d 416, 418 (1990), *appeal denied,* 527 Pa. 656, 593 A.2d 427 (1991).

Thus, Kahres' allegations of DOT's failure to remove snow and ice from the roadway and improper plowing of snow do not support a cause of action under either the common law or any statute. Hence, Kahres failed to satisfy the threshold requirement for a waiver of sovereign immunity under Section 8522(a) of the Judicial Code.

■ Further, Kahres' allegations do not fall within the real estate and highways exception to sovereign immunity under Section 8522(b)(4). In *Jones v. Southeastern Pennsylvania Transportation Authority,* 565 Pa. 211, 772 A.2d 435 (2001), the Pennsylvania Supreme Court reexamined the phrase "dangerous condition of" in Section 8522(b)(4). Finding that the so-called "on/of distinction" previously used to determine what constitutes a dangerous condition under Section 8522(b)(4) problematic and of little or no use, the Court returned to its earlier interpretation of that phrase in *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). To fall within the real estate, highways and sidewalks exception under Section 8522(b)(4), therefore, "a claim for damages for injuries caused by a substance or an object on Commonwealth real estate must allege that the dangerous condition 'derive[d], originate[d], or ha[d] as its source the Commonwealth realty' itself." *Jones,* 565 Pa. at 225, 772 A.2d at 443 (quoting *Snyder,* 522 Pa. at 433, 562 A.2d at 311). Applying that standard, the Court in *Jones* held that the plaintiff's injury sustained when she slipped and fell on the rock salt on the train platform did not fall within the exception under Section 8522(b)(4) because the rock salt did not derive or originate from, or have as its source the train platform itself.

As in *Jones,* Kahres neither alleged nor presented any evidence that the snow mound encroaching the portion of the traveling lane of Pricetown Road derived or originated from or had as its source from Pricetown Road itself.[5] Rather, the snow

---

5. This Court has also found various objects existing on the street or real estate not to have derived or originated from or had as its source the street or the real estate itself. *See, e.g., Murphy v. Department of Transportation,* 733 A.2d 688 (Pa.Cmwlth.1999) (the discarded muffler lying in the roadway); *Mason & Dixon Lines, Inc. v. Mognet,* 166 Pa.Cmwlth. 1, 645 A.2d 1370 (1994) (the cow that wandered into the turnpike); *DeLuca v. School*

mound created by plowing was a natural incident of the snowfall. *See Vitelli v. City of Chester,* 119 Pa.Cmwlth. 58, 545 A.2d 1011, 1012–14 (1988) ("[s]hovelled snow is a natural incident of the snow fall which cannot be separated from the snowfall itself"). Hence, Kahres failed to establish that her allegations fell within the real estate and highways exception to sovereign immunity under Section 8522(b)(4) of the Judicial Code.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 25th day of June, 2002, the order of the Court of Common Pleas of Berks County in the above-captioned matter is affirmed.

*District of Philadelphia,* 654 A.2d 29 (Pa. Cmwlth.1994) (milk leaked from a trash bag to concrete pavement).