PENNSYLVANIA SOCIAL SERVICES UNION, LOCAL 688 OF THE SERVICE EMPLOYEES INTERNATIONAL UNION, by its Trustee ad litem, Kathy Jellison; Eugene Quaglia, individually and on behalf of similarly situated employees, and Joel Levin, individually and on behalf of similarly situated employees, Petitioners

v.

COMMONWEALTH of Pennsylvania; The Honorable Thomas W. Corbett, Governor of the Commonwealth of Pennsylvania; Kelly Powell Logan, Secretary of Administration; and Gary D. Alexander, Secretary of Public Welfare, Respondents.

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2012.

Decided Dec. 14, 2012.

Bruce M. Ludwig, Philadelphia, for petitioner Pennsylvania Social Services Union, Local 688 of the Service Employees International Union.

Lisa K. Essman, Senior Counsel, Harrisburg, for respondent Commonwealth of Pennsylvania.

LEADBETTER, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Judge LEADBETTER.

Pennsylvania Social Services Union, Local 688 of the Service Employees International Union (Union), and Eugene Quaglia and Joel Levin, individually and on behalf of similarly situated employees, (collectively, Union), have filed a motion for partial summary judgment in their action against the Commonwealth, the Governor, the Secretary of Administration and the Secretary of Public Welfare (collectively, Commonwealth) seeking injunctive relief. The Commonwealth has also filed a motion for summary judgment and a motion for judgment on the pleadings seeking dismissal of the Union's entire action. After careful review of the record and relevant case law, we grant the relief sought by the Union in part.

## I.

The Union is the exclusive representative of the Commonwealth's employees in the social and rehabilitative collective bargaining unit, which includes income maintenance caseworkers (caseworkers) and income maintenance casework supervisors (supervisors), first-level supervisors, employed at the county assistance offices of the Department of Public Welfare (DPW). Quaglia is a caseworker at the Berks County Assistance Office. Levin works as a supervisor at the Philadelphia County Assistance Office. In April 2009, the Union, Quaglia and Levin filed a petition for review in this Court's original jurisdiction, seeking to enjoin the Commonwealth from requiring the caseworkers and the supervisors to file statements of financial interests (SFIs) pursuant to the Code of Conduct for Appointed Officials and State Employees (Code of Conduct), found in 4 Pa.Code §§ 7.151–7.179.

The following events led to the Union's filing of the instant action. In a letter dated September 22, 2008, James A. Honc-

har, the Deputy Secretary for Human Resources and Management for the Office of Administration, requested an opinion of the State Ethics Commission (Commission) as to whether DPW's 4530 caseworkers were required to file SFIs pursuant to Section 1104(a) of the Public Official and Employee Ethics Act (Ethics Act), 65 Pa. C.S. § 1104(a), which provides in relevant part:

Each *public employee*[1] and public official of the Commonwealth shall file a statement of financial interests for the preceding calendar year with the department, agency, body or bureau in which he is employed or to which he is appointed or elected no later than May 1 of each year that he holds such a position and of the year after he leaves such a position. [Emphasis added.]

SFIs required by the Ethics Act must be filed on a form prescribed by the Commission (Commission's SFI form). Section 1105(a) of the Ethics Act, 65 Pa.C.S. § 1105(a).

Following the enactment of the original Ethics Act in 1978, then Governor Thornburgh issued Executive Order No. 1980–18 in 1980, adopting the Code of Conduct. Public officials enumerated in the Code of Conduct and "[e]mployees of all classes required by the Office of Administration to file financial disclosure under the [Ethics Act]" must file SFIs on a separate form prescribed by the Secretary of Administration (Form STD–323) (Code of Conduct's SFI form) within 30 days from the date of assuming office and by May 1 of each year

thereafter. 4 Pa.Code §§ 7.161(6) and 7.163(a) and (d). An employee failing to file an SFI may be removed from office. 4 Pa.Code § 7.163(e). The Code of Conduct's SFIs "may not be open to persons for commercial purposes," but they "shall be available, upon request, for inspection by accredited reporters employed by general news organizations, as well as the Secretary of Administration and the General Counsel...." 4 Pa.Code § 7.163(d).

In response to Honchar's request for the Commission's opinion, the Commission's chief counsel issued an advice of counsel. She determined that the caseworkers met the definition of "public employee" under the Ethics Act and, therefore, must file SFIs. The Union and Quaglia appealed the advice of counsel, which was affirmed by the Commission. The Union and Quaglia appealed the Commission's decision to this Court (555 C.D. 2009). In the meantime, the Office of Administration informed the caseworkers and the supervisors that they must file the Code of Conduct's SFIs. The Union also filed a class-action grievance with DPW, asserting that the Commonwealth unilaterally imposed the filing requirement without bargaining with the Union in violation of past practice, the Collective Bargaining Agreement and the Memorandum of Understanding, which set forth the terms and conditions of the first level supervisors. DPW and the Office of Administration denied the grievances.

In April 2009, the Union, Quaglia and Levin filed the instant petition for review. In the subsequently amended petition for

---

1. The term "public employee" is defined in Section 1102 of the Ethics Act, *as amended,* 65 Pa.C.S. § 1102, as:

Any individual employed by the Commonwealth or a political subdivision who is responsible for taking or recommending official action of a nonministerial nature with regard to:

(1) contracting or procurement;

(2) administering or monitoring grants or subsidies;

(3) planning or zoning;

(4) inspecting, licensing, regulating or auditing any person; or

(5) any other activity where the official action has an economic impact of greater than a de minimis nature on the interests of any person.

review, the Union alleges that the caseworkers and the supervisors have not been required to file SFIs since the enactment of the Ethics Act and that the filing requirement violates the past practice, the Collective Bargaining Agreement and the Memorandum of Understanding. The Union further alleges that disclosure of personal financial information will subject the caseworkers and the supervisors to possible identity thefts and commercial exploitations. In Count III of the amended petition for review, the Union claims that the filing requirement violates employees' constitutional right to privacy. The Union seeks to enjoin the Commonwealth from implementing the filing requirement pending the outcome of the appeal from the Commission's decision (Count I) and pending arbitration of its grievances (Count II),[2] and seeks to permanently enjoin the Commonwealth from implementing the requirement based on the alleged violation of the right to privacy (Count III).[3]

While this action was pending, this Court affirmed the Commission's determination that the caseworkers are public employees subject to the disclosure requirements of the Ethics Act. *See Quaglia v. State Ethics Comm'n*, 986 A.2d 974 (Pa. Cmwlth.2010), *appeal denied*, 607 Pa. 708, 4 A.3d 1056 (2010). After completion of discovery, the Union filed a motion for partial summary judgment on Count III (right to privacy claim). The Commonwealth also filed a motion for summary judgment and a motion for judgment on the pleadings seeking dismissal of the Union's entire action.

The Union concedes that Count I seeking an injunction pending the outcome of its appeal from the Commission's decision has been rendered moot by the Court's *Quaglia* decision. Thus, the remaining issues to be decided by the Court are whether the Commonwealth is entitled to judgment on Count II seeking to enjoin the Commonwealth from implementing the SFI filing requirement pending arbitration and whether the Union is entitled to judgment on Count III seeking to permanently enjoin the Commonwealth from implementing the requirement based on the alleged violation of the constitutional right to privacy.

## II.

■■■ Summary judgment may be granted in whole or in part, "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report ..." Pa. R.C.P. No. 1035.2(1). Grant of summary judgment is proper when viewing all the facts in the light most favorable to the nonmoving party and resolving all doubts as to the existence of any material fact against the moving party, the moving party is entitled to judgment as a matter of Law. *McCarthy v. City of Bethlehem*, 962 A.2d 1276 (Pa.Cmwlth. 2008). Summary judgment may be granted only when the moving party's right is

---

**2.** Although the Union cannot pursue arbitration on behalf of the supervisors under the Memorandum of Understanding, the Commonwealth generally applies the result of an arbitration submitted on behalf of the caseworkers to the supervisors.

**3.** The parties subsequently entered into a Stipulation and Agreement, in which the Commonwealth agreed not to require the caseworkers and the supervisors to file SFIs

and not to take disciplinary actions for their failure to file SFIs, pending the outcome of the appeal from the Commission's decision and disposition of the instant petition for review. In return, the Union agreed to withdraw the applications for a temporary restraining order and a preliminary injunction. The Court approved the Stipulation and Agreement.

clear and free from doubt. *Kahres v. Henry,* 801 A.2d 650 (Pa.Cmwlth.2002). A motion for judgment on the pleadings filed in an action in this Court's original jurisdiction is in the nature of a demurrer. *Pa. State Ass'n of Twp. Supervisors v. Dep't of Gen. Servs.,* 666 A.2d 1153 (Pa.Cmwlth. 1995), *aff'd,* 547 Pa. 160, 689 A.2d 224 (1997). A motion for judgment on the pleadings may be granted only when there is no genuine issue of fact, and the moving party is entitled to judgment as a matter of law. *Parish v. Horn,* 768 A.2d 1214 (Pa.Cmwlth.2001), *aff'd,* 569 Pa. 45, 800 A.2d 294 (2002).

Stating that the Commonwealth agreed not to require the caseworkers and the supervisors to file SFIs pending the Union's appeal from the Commission's decision and the instant petition for review, the Commonwealth argues that Count II of the amended petition for review should be dismissed as moot. In the alternative, the Commonwealth seeks to dismiss Count II on the basis that the Union failed to resolve the disputes through grievances available under the Collective Bargaining Agreement and the Memorandum of Understanding.

The Commonwealth's argument disregards the relief sought by the Union in Count II. The Union asks the Court to enjoin the Commonwealth from implementing the SFI filing requirement under the Code of Conduct "pending the result of arbitration of the grievance filed by PSSU." Amended Petition for Review at 34. Section 903 of the Public Employe Relations Act (Act), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.903, provides that "[a]rbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory" and that "the final step shall provide for a binding decision by an arbitrator." Article 32, Section 2 of the Collective Bargaining Agreement, covering the period from July 1, 2007 to June 30, 2011, provides for grievance procedures for a dispute arising out of interpretation of the agreement and requires an arbitrator to issue a decision within 30 days after a hearing. Appendix to the Union's Motion for Summary Judgment (Appendix), Exhibit 1. Recommendation No. 32 of the Memorandum of Understanding covering the same period contains the same language as in Article 32, Section 2 of the Collective Bargaining Agreement. *Id.,* Exhibit 2. In *Mazzie v. Commonwealth,* 495 Pa. 128, 432 A.2d 985 (1981), our Supreme Court affirmed this Court's decision to grant the union's request for preliminary injunction, enjoining the Commonwealth from enforcing the financial disclosure requirement under the Code of Conduct, and permitting the union to pursue administrative remedies. The Court noted that the issue of "whether the Code of Conduct is a matter of inherent managerial policy or a new term and condition of employment should be determined in the first instance by the PLRB [Pennsylvania Labor Relations Board] and the arbitrator." *Id.* at 137, 432 A.2d at 990.

■ Here, the Commonwealth agreed to expedite the Union's grievances filed on behalf of the caseworkers and the supervisors. The Commonwealth does not dispute that arbitration of the grievances denied by DPW and the Office of Administration has not been completed. We will, therefore, deny the Commonwealth's motions in part and enjoin the Commonwealth from requiring the caseworkers and the supervisors to file SFIs under the Code of Conduct pending completion of arbitration mandated by the Act and the Collective Bargaining Agreement. The parties are directed to expedite arbitration and complete it within six months of the Court's decision in this matter.

### III.

To support its motion for partial summary judgment on Count III, the Union argues that the SFI filing requirement under the Code of Conduct violates the constitutional right to privacy of the caseworkers and the supervisors. The Union maintains that since the creation of job classifications for the caseworkers and the supervisors in 1985, they had not been required to file SFIs until they were advised in 2009 that they must file SFIs. Relying on management directives issued since 2009, the Union asserts that personal financial information disclosed on SFIs now may be released to the public pursuant to the Right–to–Know Law (RTKL), Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104, and that even nonpublic information may be disclosed upon approval of the Office of Administration, the Office of Chief Counsel and the Secretary of Administration under Management Directive 505.18. Appendix, Exhibit 17. The Union notes that the right to privacy has been recognized by the Legislature, citing Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(6)(i)(A), which exempts "personal financial information" from the disclosure requirement. The Union insists that the Commonwealth has no compelling interest in requiring the caseworkers and the supervisors to disclose their personal financial information on the Code of Conduct's SFIs, which is more extensive and intrusive than the information required by the Commission's SFIs.

The Commonwealth counters that in *Quaglia* and *Council 13, American Federation of State, County and Municipal Employees v. Pennsylvania Labor Relations Board,* 84 Pa.Cmwlth. 458, 479 A.2d 683 (1984) (*AFSCME*), this Court already decided the ultimate issue of whether the Commonwealth may require its employees to file SFIs and that the Union's right to privacy claim is barred by res judicata, collateral estoppel and laches. The Commonwealth argues that the information requested on the Code of Conduct's SFI form is similar to the information disclosed on the Commission's SFI form and that over 2000 employees in 30 job classifications are currently required to file the Code of Conduct's SFIs, which belies the alleged harm resulting from the filing requirement. The Commonwealth maintains that there are safeguards in place to protect the information revealed on SFIs, pointing to its unwritten policy of redacting all personal financial information before releasing SFIs pursuant to a RTKL request. Finally, the Commonwealth submits that whether the Commonwealth may add the caseworkers and the supervisors to the list of employees required to file SFIs must be resolved in the grievance proceeding.

 We will first address the Commonwealth's contention that the Union's right to privacy claim is barred under the doctrines of res judicata, collateral estoppel and laches. Res judicata, or claim preclusion, bars claims where there has been a final judgment on the merits of claims in a prior action. *J.S. v. Bethlehem Area Sch. Dist.,* 794 A.2d 936 (Pa.Cmwlth. 2002). To apply res judicata, there must be identity of (1) the things sued upon or for, (2) the causes of action, (3) the persons or parties to the action, and (4) the quality or capacity of the parties suing or being sued. *Id.* Res judicata applies to claims that were actually litigated as well as those that should have been litigated in the prior action. *Id.* Collateral estoppel bars a claim raised in a subsequent action where (1) an issue decided in a prior action is identical to one presented in a later action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is assert-

ed was a party to the prior action or in privity with a party to the prior action, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Id.* A claim is barred by laches where the party failed to exercise due diligence, which resulted in prejudice to the opposing party. *Sears v. Corbett*, 49 A.3d 463 (Pa.Cmwlth.2012).

The courts have not considered the specific issue of whether the SFI filing requirement under the Code of Conduct violates the constitutional right to privacy. In *Quaglia*, the Court only considered whether the caseworkers were public employees under the Ethics Act subject to the SFI filing requirement. In *Mazzie*, the Supreme Court did not consider any constitutional issues in affirming this Court's decision to grant a preliminary injunction and enjoin the Commonwealth from enforcing the Code of Conduct while the union was pursuing administrative remedies. In *AFSCME*, the Court affirmed the PLRB's decision that the Commonwealth did not commit an unfair labor practice in enacting the Code of Conduct, without addressing any constitutional issues. *See PSSU, Local 668 of SEIU v. Pa. Labor Relations Bd.*, 740 A.2d 270 (Pa.Cmwlth.1999) (holding that PLRB does not have jurisdiction to consider constitutional claims). Because the right to privacy issue related to the SFI filing requirement under the Code of Conduct has not been previously litigated and could not have been brought before the PLRB, neither res judicata nor collateral estoppel applies to bar the Union's claim in Count III. The Union's claim is also not barred by laches. It is undisputed that circum-

stances have changed since the enactment of the RTKL in 2008 and there is no indication that the Commonwealth has suffered any prejudice from the Union's belated raising of the issue in this action.

The right to be free from unreasonable searches and seizures under Article 1, Section 8 of the Pennsylvania Constitution, Pa. Const. art. 1, § 8,[4] "is tied into the implicit right to privacy in this Commonwealth." *Commonwealth v. DeJohn*, 486 Pa. 32, 49, 403 A.2d 1283, 1291 (1979). The right to privacy subsumes the right to be left alone. *In re T.R.*, 557 Pa. 99, 731 A.2d 1276 (1999). The Pennsylvania Supreme Court has adopted a two-part test to determine the scope of protection afforded by the right to privacy: a person claiming the right to privacy must establish that (1) he or she has a subjective expectation of privacy and (2) the expectation is one that the society is prepared to recognize as reasonable and legitimate. *Commonwealth v. Duncan*, 572 Pa. 438, 817 A.2d 455 (2003). Implicit in that test is a balancing of an individual's privacy interest against a countervailing state interest which may or may not justify an intrusion into privacy. *Denoncourt v. State Ethics Comm'n*, 504 Pa. 191, 470 A.2d 945 (1983).

While an individual's right to privacy is fundamental, it can be abridged by overriding governmental interests. *Stenger v. Lehigh Valley Hosp. Ctr.*, 530 Pa. 426, 609 A.2d 796 (1992). The government's regulation limiting the right to privacy may be justified only by a compelling state interest. *Id.* The Supreme Court stated in *Denoncourt:*

---

4. Article 1, Section 8 of the Pennsylvania Constitution provides that "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."

[I]t may be said that government's intrusion into a person's private affairs is constitutionally justified when the government interest is significant and there is no alternate reasonable method of lesser intrusiveness to accomplish the governmental purpose. Whether there is a significant state interest will depend, in part, on whether the state's intrusion will effect its purpose; for if the intrusion does not effect the state's purpose, it is a gratuitous intrusion, not a purposeful one.

*Denoncourt*, 504 Pa. at 199–200, 470 A.2d at 949 (footnotes omitted).

■ In enacting the Ethics Act, the Legislature declared "that public office is a public trust and that any effort to realize personal financial gain through public office other than compensation provided by law is a violation of that trust." Section 1101.1(a) of the Ethics Act, 65 Pa.C.S. § 1101.1(a). To promote the stated purpose, the Ethics Act requires public officials and public employees to disclose financial information on SFIs and prohibits them from engaging in certain activities enumerated in Section 1103, 65 Pa.C.S. § 1103, including any activities implicating a conflict of interests. The preamble of the Code of Conduct states:

[T]there continues to be a need to insure that the citizens of our Commonwealth have complete confidence in those individuals appointed and employed to serve the Commonwealth[.] [T]he ability of our Commonwealth to provide governmental services in an efficient fashion is endangered whenever acts of misconduct by appointed officials or employees occur[.] [T]he Governor is determined to have all possible measures taken to insure that public confidence is maintained in the Government of our Commonwealth.

Code of Conduct, as amended in 1984; Appendix, Exhibit 4. The courts have held that the Commonwealth has an inherent managerial prerogative to require its employees to file SFIs. *Mazzie; AFSCME*. Such requirement promotes the Commonwealth's compelling interest in enhancing the public's perception of the integrity of public officials and employees, increasing their honesty and integrity and helping to make government more efficient. *AFSCME*.

In addressing elected school directors' challenge to the SFI filing requirement under the Ethics Act, the Supreme Court stated in *Snider v. Thornburgh*, 496 Pa. 159, 172, 436 A.2d 593, 599 (1981):

[T]he financial disclosure requirements of the [Ethics] Act do in fact require that they abdicate some measure of their privacy interests in their financial histories which might, under different circumstances, be successfully invoked by private persons. We are constrained to observe, however, ... that appellants have to some extent voluntarily surrendered those interests.

Moreover, the intrusion into appellants' private affairs under the Act is not great; the Legislature's interest in securing public confidence in the government, at all levels, is not small. The financial disclosure requirements of the Act are reasonably tailored to fit a legitimate legislative function. Appellants' claims to the contrary are without merit.

*See also Pa. State Ass'n of Twp. Supervisors v. Thornburgh*, 496 Pa. 324, 437 A.2d 1 (1981) (holding that the Ethics Act's intrusion into privacy is minimal and that the balance tips clearly in favor of the filing requirement of the Act).

■ Subsequently in *AFSCME*, in which the Union was one of the petitioners, this Court affirmed the PLRB's determination that the Commonwealth did not

commit an unfair labor practice in unilaterally adopting the Code of Conduct in the Executive Order 1980-18 without bargaining with the Union. In addition, the Code of Conduct provides that the Governor may require additional public officials and employees in the executive branch to file SFIs. 4 Pa.Code § 7.162. After the *AFSCME* decision, the Union president sent the PLRB a letter on October 2, 1984 expressing the Union's intention to challenge any addition of employees subject to the SFI filing requirement under the Code of Conduct. Appendix, Pleadings B. Under these circumstances, we reject the Union's assertion that the caseworkers and the supervisors had a reasonable expectation that they would never be subject to the financial disclosure requirement under the Code of Conduct.

Moreover, the fact that the Code of Conduct's SFI form requires disclosure of more financial information than the Commission's SFI form does not support the Union's claim that the Code of Conduct violates the right to privacy. The Commission's SFI form prepared under the Ethics Act requires disclosure of, *inter alia*, occupation or profession; direct or indirect interest in any real estate sold or leased to the Commonwealth, or purchased or leased from the Commonwealth; the name and address of each creditor to whom is owed in excess of $6500 and interest rate thereon; the name and address of

any direct or indirect source of income totaling $1300 or more; any gift valued at $250 or more; and the source and amount of payment for or reimbursement of transportation, lodging or hospitality received in excess of $650. Section 1105(b) of the Ethics Act, 65 Pa.C.S. § 1105(b). The Code of Conduct's SFI form, on the other hand, requires disclosure of all in-state and out-of-state real estate property interests; investments, including stocks, notes and bonds; business interests, including interests in *not-for-profit entities*; gifts of a value in excess of *$100*; employment, excluding Commonwealth employment; liabilities, excluding retail credit accounts, commercial banks, savings and loan and finance companies; severance arrangements and proceeds received. 4 Pa.Code § 7.164.

 The difference in financial information requested by the Commission's SFI form and the Code of Conduct's SFI form is substantial. Nonetheless, so long as the information is appropriately redacted for public disclosure as discussed below, we conclude that the Commonwealth's interest in maintaining the honesty and integrity of its officials and employees outweighs the public employees' interest in privacy of their financial information disclosed on the Code of Conduct's SFI form and that the Code of Conduct, therefore. does not infringe upon the right to privacy of the caseworkers and the supervisors.[5]

---

5. To support its contention that the Commonwealth failed to demonstrate a compelling interest to justify an invasion of the right to privacy, the Union relies on the testimony of DPW's Section Chief of Workplace Support in the Division of Employee Relations, Patti Forker, that review of SFIs is done by three or four assigned employees, not by agency heads. The Code of Conduct provides that copies of SFIs must be forwarded to the department or agency heads and their chief counsel for review to determine compliance with the disclosure requirement and existence of any conflict of interests. 4 Pa.Code § 7.163(a). Forker's testimony only shows, however, that the agency heads and their chief counsel delegate their review function to other employees. Honchar testified that agencies review SFIs for any potential conflict of interests. Commonwealth's Book of Exhibits, Exhibit D at 77. The mere delegation of the responsibility of reviewing SFIs does not establish that SFIs do not serve the Commonwealth's compelling interest in maintaining the integrity of its officials and employees.

The Union correctly states that Section 708(b)(6)(i)(A) of RTKL exempts "personal financial information" from the disclosure requirement. RTKL defines "personal financial information" as "[a]n individual's personal credit, charge or debit card information; bank account information; bank, credit or financial statements; account or PIN numbers and other information relating to an individual's personal finances." Section 102 of RTKL, 65 P.S. § 67.102. While this action was pending, the Office of General Counsel announced a policy regarding disclosure of personal financial information pursuant to a request made under RTKL. In an e-mail sent to agencies' open record officers on February 29, 2012, Andrea Bowman, the Deputy General Counsel, stated that "[p]ersonal financial information would generally be redacted from these forms [SFI forms] in response to a RTKL request absent the exercise of agency discretion—which discretion would generally never be exercised without the consent of the party whose information is sought." Appendix, Exhibit 16.[6] This policy, which has not been formally adopted, is consistent with RTKL prohibiting disclosure of personal financial information and provides safeguards for protecting such information from disclosure.

In its brief, the Commonwealth states that since 1980, it has allowed accredited reporters to inspect *unredacted* SFIs upon request, but not to copy SFIs, as provided in 4 Pa.Code § 7.163(d). Section 708(b)(6)(i)(A) of RTKL, however, now prohibits release of personal financial information. Allowing reporters to inspect SFIs without redacting such information would be inconsistent with Section 708(b)(6)(i)(A) of RTKL and unnecessarily infringe upon the privacy of the public officials and employees. Therefore, we enjoin the Commonwealth from releasing SFIs to the public, including accredited reporters, without redacting personal financial information contained therein.

Accordingly, the Commonwealth's motions for summary judgment and for judgment on the pleadings are granted in part and denied in part. Count I of the amended petition for review is dismissed as moot. The injunctive relief sought by the Union in Count II is granted. The Commonwealth is enjoined from requiring the caseworkers and the supervisors to file SFIs under the Code of Conduct pending completion of arbitration of the Union's grievances. The arbitration shall be expedited and completed within six months from the date of this decision. The Union's motion for partial summary judgment on Count III of the amended petition for review is granted in part. The Commonwealth is enjoined from releasing SFIs to the public, including accredited reporters, pursuant to a request made under RTKL without redacting "personal financial information," as defined in Section 102 of RTKL.

### ORDER

AND NOW, this 14th day of December, 2012, Respondents' motions for summary judgment and for judgment on the pleadings are granted in part and denied in part. Count I of the amended petition for review is dismissed as moot. The injunctive relief sought by Petitioners in Count II is granted. Respondents are enjoined from requiring the income maintenance caseworkers and the income maintenance

---

6. Under Section 506(c) of RTKL, 65 P.S. § 67.506(c), "[a]n agency may exercise its discretion to make any otherwise exempt record accessible for inspection and copying," when the disclosure is not prohibited by federal or state law or regulation, or a privilege, or when "[t]he agency head determines that the public interest favoring access outweighs any individual, agency or public interest that may favor restriction of access."

casework supervisors to file statements of financial interests under the Code of Conduct for Appointed Officials and State Employees pending completion of arbitration of the Union's grievances. The arbitration shall be expedited and completed within six months from the date of this order. Petitioners' motion for partial summary judgment on Count III of the amended petition for review is granted in part. The Commonwealth is enjoined from releasing statements of financial information to the public, including accredited reporters, pursuant to a request made under the Right–to–Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104, without redacting personal financial information, as defined in Section 102 of the Right–to–Know Law, 65 P.S. § 67.102.

## CONCURRING & DISSENTING OPINION BY Judge McCULLOUGH.

I concur in the Majority's analysis insofar as it concludes that the Commonwealth's interest in maintaining the honesty and integrity of its public officers generally outweighs the public employee's constitutional right to privacy interest. However, the difference between the financial disclosure required on a Statement of Financial Interest (SFI) under the Ethics Act and the information requested on the SFI under the Code of Conduct is "substantial," and I believe that in the matter at hand, the significant difference tips the scale in favor of upholding the right to privacy with respect to that additional information.

As the Majority observes, the difference in financial information requested on the Code of Conduct's SFI form and the Ethics Act's SFI form is substantial. While the Majority nonetheless does not believe this difference supports the Union's claim that it violates the right to privacy, I believe that it arguably goes beyond what

our Supreme Court considered in *Snider v. Thornburgh*, 496 Pa. 159, 172, 436 A.2d 593, 599 (1981), to be, under the Ethics Act, an abdication of only "*some* measure of their privacy interests in their financial histories" for an intrusion into appellant's private affairs ... that is "*not great*" or "*minimal.*" (Emphasis added.) For example, while section 1105(b) of the Ethics Act, 65 Pa.C.S. § 1105(b), requires disclosure of any direct or indirect interest in land sold to or leased to, or purchased from or leased from the Commonwealth, the Code of Conduct requires disclosure of all in-state and out of state property interests. 4 Pa.Code § 7.164. The Ethics Act requires disclosure of gifts valued at $200 or more, while the Code of Conduct requires reporting of gifts valued at half that amount. Under the Ethics Act, a person must disclose creditors owed more than $5,000, excluding family members and mortgages on primary residences; in contrast, the Code of Conduct requires disclosure of liabilities of any amount "owed to a person or institutions since the last report was filed," excluding retail credit accounts and bank accounts.

As the Majority recognizes, these differences are substantial. They are not, in my view, "reasonably tailored to fit a legitimate legislative function," *Snider*, 496 Pa. at 172, 436 A.2d at 599, especially when there is an "alternate reasonable method of lesser intrusiveness" to accomplish the governmental purpose, *Denoncourt v. State Ethics Commission*, 504 Pa. 191, 199–200, 470 A.2d 945, 949 (1983), namely the Ethics SFI form which they are already required to submit. In analyzing the right to privacy asserted in *Snider*, our Supreme Court considered that the public officials in that case, elected school directors, had, to some extent, voluntarily surrendered their privacy interests, stating that "when one 'enter[s] public life he voluntarily surrender[s] the privacy se-

cured by law for those who elect not to place themselves in the public spotlight.'" *Id.* (quoting *Nixon v. Administrator of General Services,* 433 U.S. 425, 455, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)). But, the Supreme Court further clarified in *Snider* that while they abdicated some measure of their privacy interests in financial histories, the intrusion into their private affairs was not great. Here, I believe that the substantial difference in the disclosure of personal financial information required of income maintenance caseworkers in the Code of Conduct SFI form is neither a "minimal" nor "not great" intrusion into their private affairs and thus is an unwarranted invasion of their right to privacy.