624 A.2d 218

**Joseph WILLIAMSON, III, a minor by Joseph WILLIAMSON, Jr., and Noreen Williamson, as parents and natural guardians of Joseph Williamson, III and Joseph Williamson, Jr., and Noreen Williamson, h/w, Appellants,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1993.

Decided March 31, 1993.

Joseph P. Connor, III, for appellants.

Joan A. Zubras, for appellee.

Before McGINLEY and KELLEY, Judges, and KELTON, Senior Judge.

McGINLEY, Judge.

This is an appeal by Joseph Williamson, III, a minor, Joseph Williamson, Jr. and Noreen Williamson, as parents and natural guardians, and Joseph Williamson, Jr. and Noreen Williamson, h/w (Mr. and Mrs. Williamson) from an order of the Court of Common Pleas of Montgomery County (common pleas court) entering summary judgment in favor of the Southeastern Pennsylvania Transportation Authority (SEPTA).

On January 14, 1990, Joseph and five female friends boarded a SEPTA train after attending a rock concert at the Spectrum in Philadelphia. A group of teenagers also boarded the train and proceeded to threaten and harass Joseph and his friends asking whether they had watches and money. At one point one member of the group told Joseph that he had a gun in his pocket and demanded that Joseph hand over his wallet. Joseph refused and the group of teenagers exited the train at the Broad and Olney station. Before the doors closed one member of the group reentered the train and struck Joseph on the right side of the head with a pair of brass knuckles. Mr. and Mrs. Williamson allege that as a result Joseph suffered permanent injury to his eyesight.

On July 2, 1990, Mr. and Mrs. Williamson filed a civil action against SEPTA seeking damages for Joseph's injuries. In their complaint, Mr. and Mrs. allege that SEPTA was negligent by failing:

(a) to maintain Subway and Subway Station;

(b) to maintain proper security of its Subway and Subway Station;

(c) to furnish a reasonable number and distribution of security personnel and adequately functioning security equipment on the Subway and at the Subway Station;

(d) to warn minor Plaintiff of the insecure dangerous condition of the Subway and Subway Station;

(e) to respond in a timely manner to a dangerous condition or situation on the Subway and at the Subway Station;

(f) to protect minor Plaintiff from the acts of third parties or other passengers which Defendant knew or should have known were likely to occur at the premises.

Complaint, July 2, 1990, Count 2, paragraph 25a–f and Count 3, paragraph 29a–f; Reproduced Record (R.R.) at 7a–9a. On August 23, 1991, SEPTA filed a motion for summary judgment asserting that it is immune from suit pursuant to Section 8521 of the Judicial Code (Code), 42 Pa.C.S. § 8521. The common pleas court granted the motion, concluding that "a SEPTA passenger's claim for damages sustained as a result of criminal acts of third parties are precluded by the doctrine of sovereign immunity" and that Mr. and Mrs. Williamson's "claim does not fall within the vehicle liability exception to sovereign immunity." Opinion of the Common Pleas Court, April 23, 1992, slip op. at 7 and 11.

On appeal Mr. and Mrs. Williamson contend: 1) that there is a genuine issue of fact as to whether the criminal acts of a third party were foreseeable; 2) that there exists a cause of action under the vehicle exception of Section 8522(b)(1) of the Code, 42 Pa.C.S. § 8522(b)(1); 3) that what is commonly called the Sovereign Immunity Act violates the Pennsylvania Constitution and United States Constitution; and 4) that SEPTA is not a "Commonwealth party" entitled to the defense of sovereign immunity under Section 8522(a) of the Code.

■ Our scope of review on appeal from a grant of a motion for summary judgment is limited to a determination of whether there is an error of law or manifest abuse of discretion. *Mullen v. Borough of Parkesburg*, 132 Pa.Commonwealth Ct. 321, 323, 572 A.2d 859, 860 (1990). Pursuant to Pa.R.C.P. No. 1035, summary judgment may be granted when the moving party is entitled to judgment as a matter of law and when there is no genuine issue of material fact. Such judgment should be granted only where the right is clear and free from doubt. In making this determination the trial court must examine the record in the light most favorable to the non-moving party. *Mullen*, 132 Pa.Commonwealth Ct. at 324, 572 A.2d at 860–61.

■ Initially, Mr. and Mrs. Williamson contend SEPTA is a common carrier that owes the highest degree of care to its passengers and that it has a duty to protect them from known and foreseeable criminal acts of a third party. Also, Mr. and Mrs. Williamson contend that their cause of action falls within the vehicle liability exception to sovereign immunity under Section 8522(b)(1) of the Code, 42 Pa.C.S. § 8522(b)(1).

Section 8522 of the Code provides:

### § 8522. Exceptions to sovereign immunity

(a) **Liability imposed.**—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

(b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

**(1) Vehicle liability.**—The operation of any motor vehicle in the possession or control of a Commonwealth party. as used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

In order to recover damages under Section 8522 of the Code, a party must establish that he possess a common law or statutory cause of action against a Commonwealth party and that the cause of action falls within one of the exceptions to sovereign immunity.

Mr. and Mrs. Williamson contend that at common law a common carrier owes its passengers a duty to exercise the highest degree of care in transporting them safely to their destinations. Like the appellant in *Hall v. Southeastern Pennsylvania Transportation Authority,* 141 Pa.Commonwealth Ct. 591, 596 A.2d 1153 (1991) Mr. and Mrs. Williamson have failed to cite any Pennsylvania appellate decisions which construe "the duty of care of a common carrier entitled to assert the defense of sovereign immunity." *Id.* at 594–95, 596 A.2d at 1155 (footnote omitted). Even assuming as this Court did in *Hall* that SEPTA breached its highest duty of care to its passengers, Mr. and Mrs. Williamson must still establish a cause of action under the vehicle liability exception to sovereign immunity.

It is the position of Mr. and Mrs. Williamson that the term "operation" in Section 8522(b)(1) of the Code, 42 Pa.C.S. § 8522(b)(1) includes the operation of parts attached to the vehicle. Mr. and Mrs. Williamson maintain that if the operator of the train immediately closed the doors following the stop at the Broad and Olney station the attack on Joseph would have been prevented. Mr. and Mrs. Williamson cite *Toombs v. Manning,* 835 F.2d 453 (3d Cir.1987) in support of their position.

In *Toombs,* Harold Toombs was assaulted by two assailants on a SEPTA platform while he waited for a SEPTA train. An employee of SEPTA witnessed part of the attack but failed to summon help. The United States District Court determined

that "SEPTA operates its trains for the sole purpose of carrying passengers such as Toombs" and that "[a]n essential aspect of such carriage must necessarily include the boarding from, and the discharge of passengers onto, SEPTA's platform." *Id.* at 835 F.2d at 468. At the time of the United States District Court's decision in *Toombs* the vehicle liability exception to sovereign immunity had yet to be interpreted by our Pennsylvania Supreme Court or our other Pennsylvania appellate courts. In *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), our Supreme Court narrowly construed the exceptions to sovereign immunity as well as to governmental immunity.

In *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1988) Catherine Love fell while "alighting" from a van owned and operated by the City of Philadelphia. The Pennsylvania Supreme Court addressed the issue of whether "the act of entering into or alighting from a motor vehicle constitutes operation of a vehicle under 42 Pa.C.S. § 8542(b)(1)."[1] The Pennsylvania Supreme Court determined that the act of entering into or alighting from a vehicle does not constitute "operation." The Supreme Court noted:

As we have illustrated to operate something means to actually put it in motion. Merely preparing to operate a vehicle, or acts taken at the cessation of operating a vehicle are *not* the same as actually operating that vehicle. Thus, according to the common and approved usage of the word "operation", the van was not in operation at the time of Mrs. Love's accident. Getting into or alighting from a vehicle are merely acts ancillary to the actual operation of that vehicle.

*Love,* 518 Pa. at 375, 543 A.2d at 533 (emphasis in original).

In *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa.Commonwealth Ct. 533, 586 A.2d 1026 (1991), Joan Sonnen-

---

1. Section 8542(b)(1) of the Code, 42 Pa.C.S. § 8542(b)(1) is essentially identical to Section 8522(b)(1) and provides:

(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

berg was injured when she was struck by the rear door while attempting to exit a bus owned and operated by Erie Metropolitan Transit Authority (EMTA). The issue before this Court was whether the physical movement of certain parts of a motor vehicle constituted the "operation of" the vehicle. In determining that the common pleas court erred in granting summary judgment in favor EMTA we noted:

The movement of parts of a vehicle, or an attachment to a vehicle, is sufficient to constitute "operation." Moreover, the bus driver's closing of the bus doors is an act normally related to the "operation" of a bus. Vogel. We must conclude, therefore, that EMTA's bus was in "operation" when the bus door struck Sonnenberg.

*Id.*, at 537, 586 A.2d at 1028.

In the present controversy, Joseph's injuries were not caused by the movement of the train. Joseph's injuries were caused by the criminal and tortious acts of a third party. In *Dickins v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992) our Supreme Court cites its decision in *Mascaro* as consistent with the general principle of law that:

[T]he criminal and negligent acts of third parties are superseding causes which absolve the original actor from liability for the harm caused by such third parties. This is also consistent with the Legislative determination that the criminal acts, actual fraud, actual malice or willful conduct of its own agency or employees acting within the scope of their duties are not the subject of suit or liability and that it would be incongruous to interpret the Act in such a way that the municipality would be shielded from liability for the crimes of its agents and employees, yet responsible for the crimes of others.

*Id.*, at 130–131, 611 A.2d at 695.

Consequently, we are constrained to conclude that the vehicle liability exception to sovereign immunity does not apply to the facts in the present case.

■ Mr. and Mrs. Williamson next contend that the defense of sovereign immunity granted to a commonwealth party under Section 8522(a) of the Code violates Article I, Section 11,[2] Article I, Section 25,[3] Article III, Section 18,[4] Article I, Section 26 (equal protection) and the Fourteenth Amendment of the United States Constitution. Specifically, Mr. and Mrs. Williamson maintain that sovereign immunity interferes with citizens' rights to file an action for damages against the Commonwealth and limits the dollar amount of their recovery. We have previously determined that statutory sovereign immunity is constitutional. *Ruff v. Baum's Bologna, Inc.*, 97 Pa.Commonwealth Ct. 611, 510 A.2d 391 (1986), *petition for allowance of appeal denied,* 514 Pa. 651, 524 A.2d 497 (1987). *See also Lyles v. Department of Transportation,* 512 Pa. 322,

2. Article I, Section 11 of the Pennsylvania Constitution provides:
All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such Courts, and in such cases as the Legislature may by law direct.

3. Article I, Section 25 of the Pennsylvania Constitution provides that: "[t]o guard against the transgressions of the high powers which we have delegated, we declare that everything in this article is excepted out of the general powers of government and shall forever remain inviolate."

4. Article III, Section 18 of the Pennsylvania Constitution provides that: § 18. **Compensation laws allowed to general Assembly.**—The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided.

516 A.2d 701 (1986) (sovereign immunity neither violates Article III, Section 18 of the Pennsylvania Constitution nor the Equal Protection provision of the United States Constitution).

Lastly, Appellants contend that SEPTA is not a "commonwealth party" and therefore is not entitled to sovereign immunity. Specifically, Appellants contend that the legislature intended that sovereign immunity is provided only to those parties who enjoyed such immunity prior to the enactment of 1 Pa.C.S. § 2310.[5] This Court has previously determined that SEPTA is a "Commonwealth party" for the purposes of sovereign immunity. *Chambers v. Southeastern Pennsylvania Transportation Authority*, 128 Pa.Commonwealth Ct. 368, 563 A.2d 603 (1989).

Accordingly, we affirm the decision of the common pleas court.

## ORDER

AND NOW, this 31st day of March, 1993, the order of the Court of Common Pleas of Montgomery County at No. 90–12352, dated April 23, 1992, is affirmed.

---

5. Section 2310 provides:

§ 2310. **Sovereign immunity reaffirmed; specific waiver.**

Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute.