**Betty WARNECKI, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1997.

Decided Feb. 25, 1997.

Donna A. Casasanto, Springfield, for appellant.

Joan A. Zubras, Philadelphia, for appellee.

Before PELLEGRINI and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

## OPINION

PELLEGRINI, Judge.

Betty Warnecki appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted Southeastern Pennsylvania Transportation Authority's (SEPTA) motion for summary judgment and dismissed her complaint.

Warnecki was injured on August 7, 1990, when an unknown assailant, who was attempting to steal her purse, dragged her across the SEPTA platform in the Broad and Erie subway station. Warnecki alleged that her assailant had been hiding in an out-of-service escalator, in an area that was poorly lit and unsecured. Warnecki filed a complaint against SEPTA alleging that her injuries were facilitated by SEPTA's negligent maintenance of the subway station, in particular, the escalator, gates, locks, lights and its poor configuration, thereby giving her attacker a place to hide. Moreover, due to the poor configuration and lighting, SEPTA personnel were unable to view the area in which the attack occurred.

After filing two previous motions that had been denied by the trial court, SEPTA again moved for summary judgment on the basis of sovereign immunity and alleged that neither the real estate exception nor the personal property exception to immunity had been met. The trial court granted SEPTA's motion for summary judgment and dismissed Warnecki's complaint.[1] This appeal followed.[2]

---

1. Warnecki contends that the trial court erred by granting SEPTA's motion for summary judgment because that motion had been twice denied by a prior judge of the same jurisdiction in this case. We agree with Warnecki that the general rule is that it is improper for a trial judge to overrule the decision of another judge of the same court in the same case. *Tarantino v. Kutztown University*, 654 A.2d 115 (Pa.Cmwlth.1995). However, because the defense of sovereign immunity is nonwaivable, we have held that a party may raise such defense at any time to prevent unnecessary litigation against that agency. *Hough v. Department of Transportation*, 155 Pa.Cmwlth. 162, 624 A.2d 780 (1993), *petition for allowance of appeal denied*, 538 Pa. 613, 645 A.2d 1316 (1993).

Moreover, where the issue of governmental immunity raised in a motion for summary judgment was denied by one trial court judge, that same issue could again be properly raised in a second motion for summary judgment before a different trial court judge, and the grant of the motion on such grounds by the second judge is not error. *Hough; Tulewicz v. Southeastern Pennsylvania Transportation Authority*, 529 Pa. 588, 606 A.2d 427 (1992).

2. Our scope of review of a decision of the trial court granting summary judgment is limited to determining whether the trial court abused its discretion or committed an error of law. *Hill v. Dragovich*, 679 A.2d 1382 (Pa.Cmwlth.1996).

SEPTA, as "Commonwealth party,"[3] enjoys immunity from suit under 42 Pa.C.S. § 8521. In order to maintain a cause of action against a Commonwealth party, the plaintiff must show that the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity. 42 Pa. C.S. § 8522(a). *Fidanza v. Department of Transportation,* 655 A.2d 1076 (Pa.Cmwlth. 1995), *petition for allowance of appeal denied,* 542 Pa. 677, 668 A.2d 1138 (1995). The next step is for the plaintiff to show that the cause of action falls within one of the specifically enumerated exceptions to sovereign immunity set forth by 42 Pa.C.S. § 8522(b). Because the General Assembly intended to exempt the Commonwealth from immunity only in specific, clearly defined situations, the exceptions to the Act must be strictly construed as to uphold legislative intent and insulate the Commonwealth and its political subdivisions from tort liability. *Nestor v. Department of Transportation,* 658 A.2d 829 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 543 Pa. 698, 670 A.2d 145 (1995).

Warnecki contends that she meets this standard because the cause of action alleged in her complaint falls under what is known as the "real estate" exception to sovereign immunity. That exception provides an exception to immunity for damages caused by:

A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons . . .

Under the real estate exception to sovereign immunity, immunity is waived where it is alleged that an artificial condition or defect of the land itself has caused the injuries of a plaintiff. *Finn v. City of Philadelphia,* 541 Pa. 596, 664 A.2d 1342 (1995). *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). The dangerous condition must derive, originate from or have as its source the Commonwealth realty. *Id.* It is well settled in Pennsylvania that the real estate exception will only apply where it is alleged that an artificial condition or defect of the land itself caused the injury to occur, not where such condition merely "facilitated" an injury by the acts of others. *Id; Nestor.*

In *Chambers v. Southeastern Pennsylvania Transportation Authority,* 128 Pa. Cmwlth. 368, 563 A.2d 603 (1989), we addressed whether or not making certain improvements to the property that purportedly would have saved the plaintiff from harm from a negligent third party fell within the exception. In that case, a passenger sustained a serious injury to his right eye when, upon exiting a SEPTA train, he was followed from that train by a group of youths who knocked him unconscious. The passenger filed a complaint against SEPTA in which he alleged that SEPTA was negligent in failing to provide adequate lighting and security patrols, and for failing to warn him and others of the unsafe conditions on its premises. We held that SEPTA was not subject to liability under the passenger's complaint since the complaint alleged that "some unknown third party, who is neither a commonwealth agency nor an employee of a commonwealth agency, caused the injury" rather than some artificial condition or defect of the land itself. *See also Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

Another case addressing the criminal conduct of a third party, *albeit* under the vehicle exception, is *Williamson v. Southeastern Pennsylvania Transportation Authority,* 154 Pa.Cmwlth. 448, 624 A.2d 218 (1993), where we also held that immunity was not waived. Williamson, a minor, was a passenger on a SEPTA train when he was attacked with brass knuckles by another passenger and sustained permanent damage to his vision. Williamson's parents brought suit against SEPTA, alleging that SEPTA was liable for its failure to maintain its subway and station and by its failure to maintain property security of both. Though the Williamsons

---

3. *But see, Southeastern Pennsylvania Transportation Authority v. Union Switch and Signal,* 161 Pa.Cmwlth. 400, 637 A.2d 662 (1994), *petition for allowance of appeal denied,* 538 Pa. 662, 648 A.2d 792 (1994).

claimed that the vehicle exception [4] to immunity had been met so that SEPTA was not immune from suit under 42 Pa.C.S. § 8521, we held that Williamson's injuries were not caused by the movement of the train, but rather, by the criminal and tortious acts of a third party, so that the vehicle exception to immunity was inapplicable. *Id.* 624 A.2d at 221–222.

 Here, the criminal acts of the unknown assailant which caused Warnecki's injuries were, at most, facilitated by SEPTA's alleged negligence. Because there is no allegation that Warnecki's injuries were caused by or arose from any defective condition of the real estate itself, the cause of action does not fall within the real estate exception to immunity.

Warnecki also contends that if the real estate exception is inapplicable, she still has a cognizable cause of action under what is known as the "personal property" exception to immunity. Under 42 Pa.C.S. § 8522(b)(3), an exception to immunity is provided for acts by the Commonwealth in which damages are caused by:

> The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency . . .

 First, the items at issue—the escalator, lighting, locks and gate—do not fall within the ambit of "personal property" at all. Rather, those items constitute fixtures attached to the real property, and, as such, would fall under the real estate exception to immunity. *See Maloney v. City of Philadelphia*, 111 Pa.Cmwlth. 634, 535 A.2d 209 (1987), *petition for allowance of appeal denied*, 519 Pa. 669, 548 A.2d 258 (1988). Even if the items at issue are personal property, like the real estate exception, the personal property exception to sovereign immunity applies only in cases where the personal property *itself* causes the plaintiff's injuries. *Bufford v. Department of Transportation,*

670 A.2d 751 (Pa.Cmwlth.1996); *Southeastern Pennsylvania Transportation Authority v. Simpkins,* 167 Pa.Cmwlth. 451, 648 A.2d 591 (1994); *Sugalski v. Commonwealth,* 131 Pa.Cmwlth. 173, 569 A.2d 1017 (1990). The personal property must be involved in the chain of causation. *Bufford.* Because Warnecki's complaint alleges that her injuries were facilitated by but not actually caused by the negligent maintenance of the escalator, lights, gate, etc., once again, her action does not fall under the personal property exception to sovereign immunity.

Accordingly, the trial court's grant of SEPTA's motion for summary judgment is affirmed.

### *ORDER*

AND NOW, this 25th day of February, 1997, the order of the Court of Common Pleas of Philadelphia County, dated January 2, 1996, is affirmed.

---

**4.** Though the "vehicle" exception, 42 Pa.C.S. § 8522(b)(1), has not been alleged by Warnecki, the rationale of this case regarding the criminal acts of third parties and their affect on immunity is nonetheless applicable. Not discussed in *Williamson* is the applicability, if any, of the real estate exception to immunity.