PENNSYLVANIA STATE
POLICE, Petitioner

v.

Stanley KLIMEK, Administrator of the Estate of Gary G. Klimek, Deceased, and Stanley Klimek and Shirley Klimek, individually, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2003.

Decided Oct. 10, 2003.

Publication Ordered Jan. 5, 2004.

Howard G. Hopkirk, Harrisburg, for appellant.

Thomas B. Helbig, Scranton, for appellee.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

## OPINION BY JUDGE PELLEGRINI.

The Pennsylvania State Police (State Police) appeal from an interlocutory order of the Court of Common Pleas of Lackawanna County (trial court) denying its motion for summary judgment wherein it argued that Stanley and Shirley Klimek's (Klimeks) claims did not fall within any of the statutory exceptions to sovereign immunity.

On February 24, 1996, the State Police arrested Gary G. Klimek (Deceased) on a charge of driving under the influence and took him into custody. The Deceased was placed in a holding cell at 7:15 a.m. and a state trooper removed his boots and placed them four to five feet outside the cell. Between 7:15 a.m. and 8:30 a.m., the State Police allege they checked on the Deceased six to eight times, and each time he was observed seated quietly on his bed. At 8:30 a.m., one of the troopers discovered the Deceased dead, hanging in his cell from the laces of his boots that he had retrieved.

The Klimeks, the Deceased's parents, brought wrongful death and survival actions against the State Police. In their second amended complaint, the Klimeks alleged that their son was arrested by the State Police in connection with a domestic disturbance; that the troopers "received information that [their son] was drinking alcoholic beverages, was behaving abnormally and irrationally, and had expressed an intention to commit suicide;" and that he had hung himself "with a lace obtained from a boot within the possession and control of [the State Police]." The Klimeks claimed that the State Police were negligent for, *inter alia,* failing to have a facility where their son could be continuously observed during confinement, for failing to properly remove and secure all of his personal effects "which could be dangerous to him," and for failing to properly observe and assure their son's safety. In its answer and new matter, the State Police, among other things, alleged that none of the negligent conduct pled fell within any of the exceptions to sovereign immunity found in Section 8522(b) of the Judicial Code (Sovereign Immunity Act), 42 Pa. C.S. § 8522(b).[1]

The State Police moved for summary judgment arguing that the Klimeks' claims did not fall within any of the statutory exceptions to the Sovereign Immunity Act. The trial court denied the motion holding that it had been waived by the Commonwealth. After the trial court certified its order for interlocutory appeal,[2] we granted permission to appeal and held that the State Police had waived the issue of sovereign immunity by not adequately raising it before the trial court. Following a request for reconsideration, which was denied by this Court, the State Police petitioned the

---

1. The State Police, as a Commonwealth party, enjoys sovereign immunity except for those actions where immunity is specifically waived. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521.

2. Pursuant to 42 Pa.C.S. § 702(b), the trial court certified that its interlocutory order involved a controlling question of law as to whether there were substantial grounds for a difference of opinion and that an immediate appeal from its order might materially advance the ultimate determination of the matter before it.

Supreme Court for allowance of appeal contending that sovereign immunity was an issue that could not be waived and could be raised by the Commonwealth at any time. Citing *Tulewicz v. Southeastern Pennsylvania Transportation Authority*, 529 Pa. 588, 606 A.2d 427 (1992), the Supreme Court reversed our decision holding that sovereign immunity could not be waived and remanded the case for full consideration on the merits.

■ On remand, the trial court concluded that the claims in the Klimeks' complaint fell within both the personal property and the real estate exceptions to immunity found at 42 Pa.C.S. § 8522(b)(3) and (4).[3] The trial court reasoned that the personal property exception applied because the State Police failed to properly secure the Deceased's shoelaces allowing him to use them to hang himself, and that the real estate exception applied because the State Police had a duty to ensure that the conditions of its holding cells were safe for the activities for which they were regularly used. The State Police filed this appeal[4] contending that the Klimeks'

causes of action do not fall within either the personal property or the real estate exceptions to sovereign immunity.[5]

■ As to whether the Klimeks have pled a cause of action that falls within the personal property exception to immunity, for the exception to apply, the personal property *itself* must cause defendant's injuries, not merely facilitate it. *Warnecki v. Southeastern Pennsylvania Transportation Authority*, 689 A.2d 1023 (Pa.Cmwlth. 1997). *See also Bufford v. Department of Transportation*, 670 A.2d 751 (Pa.Cmwlth. 1996). Illustrating that the personal property must directly cause the plaintiff's injury, not just facilitate it, is our decision in *Department of Environmental Resources v. Myers*, 135 Pa.Cmwlth. 526, 581 A.2d 696 (1990), *petition for allowance of appeal denied*, 527 Pa. 595, 588 A.2d 915 (1991). In that case, a helicopter pilot brought an action for injuries incurred when, under contract with the Department of Environmental Resources (DER), his helicopter ran into power lines while spraying for gypsy moths. The pilot alleged that DER negligently placed the balloons marking

---

**3.** 42 Pa.C.S. § 8522(b)(3) and (4) provide, in relevant part:

**(b) Acts which may impose liability.**-The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

**(3) Care, custody or control of personal property.**-The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency ...

**(4) Commonwealth real estate, highways and sidewalks.**-A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property ...

**4.** A motion for summary judgment may be granted only when viewing the record in the

light most favorable to the non-moving party, there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035(b); *see Salazar v. Allstate Insurance Company*, 549 Pa. 658, 702 A.2d 1038 (1997). Further, our scope of review when reviewing an order denying summary judgment is limited to determining whether the lower court committed an error of law or abused its discretion. *Altoona Area School District v. Campbell*, 152 Pa.Cmwlth. 131, 618 A.2d 1129 (1992), *petition for allowance of appeal denied*, 535 Pa. 639, 631 A.2d 1010 (1993).

**5.** Exceptions to sovereign immunity must be strictly construed in light of the legislature's clear intent to insulate government from exposure to tort liability. *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989); *Kahres v. Henry*, 801 A.2d 650 (Pa.Cmwlth.2002).

the boundaries of the area to be sprayed as well as negligently providing him with a typographical map that failed to show the power lines. Because of the negligent placement of the balloons and the incorrectly marked map, the pilot contended those items of the Commonwealth's personal property directly caused his injuries. Rejecting that argument, we held that the placement of the balloons did not cause the injury, but merely facilitated another kind of negligence—professional incompetence. Because it was the action of hanging himself that caused the Deceased's death and, at most, the shoelace facilitated that outcome, i.e., it cannot be alleged that a shoelace *itself* caused his death, the Klimeks' complaint does not fall within the personal property exception to sovereign immunity.

▬ As to whether the Klimeks' complaint sets forth a cause of action that falls within the real estate exception to sovereign immunity, immunity is only waived under the real estate exception where "the dangerous condition must derive, originate from or have as its source the Commonwealth realty" and will only apply when the "artificial condition or defect of the land itself caused the injury to occur, not where such condition merely 'facilitated' an injury by the acts of others." *Warnecki*, 689 A.2d at 1025. *See also Clark v. Southeastern Pennsylvania Transportation Authority*, 691 A.2d 988 (Pa.Cmwlth.1997). In this case, the Klimeks allege that a video camera should have been installed to monitor activity that took place within the cell and other steps could have been taken outside the cell that would have made monitoring easier. None of those allegations make out a cause of action that it was a "dangerous condition of" the cell that was the direct cause of Decedent's death when he committed suicide.[6] *See Musheno v. Lock Haven University*, 132 Pa. Cmwlth. 643, 574 A.2d 129, *petition for allowance of appeal denied*, 526 Pa. 643, 584 A.2d 324 (1990) (a state university's failure to provide a lifeguard for a handicapped swimming program was not a defect of the real property). Because the condition of the holding cell *itself* did not cause the Decedent's death, the Klimeks' complaint does not fall within the real estate exception to sovereign immunity at 42 Pa. C.S. § 8522(b)(4).

Accordingly, the order of the trial court is reversed and the State Police's motion for summary judgment is granted.

---

6. This Court addressed a similar factual situation to the case before us in *Harding v. Galyias*, 117 Pa.Cmwlth. 371, 544 A.2d 1060 (1988). In *Harding*, we addressed whether an appellants' allegations that a municipalities' jail facilities which were used for detaining intoxicated arrestees were negligently designed and maintained and fell within the real estate exception to governmental immunity under Section 8542(b)(3) of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(3). In that case, two different sets of parents sued the City of Pittsburgh after their sons, who had been arrested for alcohol-related offenses, committed suicide in their respective jail cells. This Court held that "the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Harding*, 544 A.2d at 1064–1065, *citing Mascaro v. Youth Study Center*, 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987) (emphasis in original). *Harding* dealt with the application of the real estate exception to governmental immunity under Section 8542(b)(3) of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(3), which provides that liability is waived for the negligence of local agencies involving "[t]he care, custody or control of real property in the possession of the local agency" and is more expansive than the exception for commonwealth agencies where the exception only applies to "[a] dangerous condition of" real property.

## ORDER

AND NOW, this 10th day of October, 2003, the order of the Court of Common Pleas of Lackawanna County, No. 97–CIV–4574, dated July 20, 2001, as amended August 20, 2001, is reversed and the Pennsylvania State Police's motion for summary judgment is granted.

Concurring and dissenting opinion by Senior Judge KELLEY.

## CONCURRING AND DISSENTING OPINION BY SENIOR JUDGE KELLEY.

In regards to the majority's holding that the Klimeks' complaint does not fall within the personal property exception to sovereign immunity articulated in Section 8522(b)(3) of the Judicial Code,[1] I respectfully dissent.

The exception of Section 8522(b)(3), by its express terms, applies to the personal property of persons that is held within the "care, custody or control" of a commonwealth agency. It is beyond dispute that the shoelaces in question were the personal property of the Deceased held by the Pennsylvania State Police pursuant to a State Police directive that specifically mandates that a prisoner's shoelaces must be in the care, custody and control of the State Police at all times. State Police Troop Order Number 92–10 provides the governing regulation for prisoners who are temporarily incarcerated in the holding cells of the Troop R Barracks. That Order provides, in relevant part:

> A.) All prisoners will be completely searched before being placed into the holding cell. **Items such as** belts, ties, **shoelaces,** lighters, matches, eyeglasses, any other item **which, in the opinion of the Member, may be dangerous to the Member or the Prisoner shall be removed** . . .

Reproduced Record (R.R.) at 157a. I consider Troop Order Number 92–10, under the facts of this case, *prima facia* evidence that the shoelaces with which the Deceased hanged himself were in fact to be considered exclusively within the State Police's care under Section 8522(b)(3), notwithstanding the State Police's absolute failure to maintain custody and control thereof.[2] In addition to the General Assembly's clear intent to waive sovereign immunity in cases where Section 8522's requirements are met, I further emphasize that it has long been axiomatic in Pennsylvania that there is a common law duty on the part of any governmental authority to provide reasonable safety and protection to individuals taken into custody. *See, e.g., Department of Public Welfare v. Kallinger,* 134 Pa.Cmwlth. 415, 580 A.2d 887 (1990), *petition for allowance of appeal denied,* 532 Pa. 292, 615 A.2d 730 (1992). That duty, and Section 8522(b)(3)'s application, is thrown into sharp relief in the instant matter, especially when viewed in

---

1. 42 Pa.C.S. § 8522(b)(3).

2. I note that the State Police's argument to this Court that, once Klimek retrieved his shoelaces from where the State Police had placed them directly next to his holding cell, those shoelaces were no longer within the State Police's custody or control, is illogical, disingenuous, and meritless. The State Police's argument ignores the fact that, on this issue, the above referenced Troop Order mandates that the State Police maintain the care, custody and control of the shoelaces in anticipation of self-injury to a prisoner within its custody, and it is the State Police's failure to so maintain custody and control thereof while those laces were inarguably within its care that forms the very basis of the Klimeks' argument on this point. In fact, the State Police's argument on this issue actually reinforces the fact that the State Police failed to maintain *custody and control* of the shoelaces while they were *in its care,* in direct contradiction of its duty as defined in Troop Order 92–10.

the context of the State Police's failure to fulfill its express duty under Troop Order 92–10 and the Deceased's known expressed suicidal intentions. R.R. at 87a–89a.

I find no persuasive value in the majority's citation to *Department of Environmental Resources v. Myers*, 135 Pa. Cmwlth. 526, 581 A.2d 696 (1990),[3] in regards to the facts of the matter *sub judice*. The balloons and map cited as the personal property directly causing the plaintiff's injuries in *Myers* bear no logical relation to the causal connection between the Deceased's shoelaces and his use of those shoelaces to hang himself. Simply put, under the facts at bar, the Deceased's shoelaces were inarguably and directly involved in the chain of causation that led to the Deceased's suicide, which satisfies our requirements for the application of the personal property exception of Section 8522(b)(3) under our precedents.

In *Bufford v. Department of Transportation*, 670 A.2d 751 (Pa.Cmwlth.1996), cited by the majority in support of its reasoning that the Deceased's shoelaces merely facilitated, but did not cause, his death, the personal property at issue were Bufford's driver's license records, which Bufford alleged were improperly maintained and ultimately resulted in his detention and arrest as a result thereof. In *Bufford*, we held that those inaccurately maintained administrative records did not directly cause Bufford's injury—his eventual arrest and detention—but merely facilitated that injury, thereby removing those records from the purview of Section 8522(b)(3)'s exception. While the exact facts of *Bufford* do not parallel those of the instant matter, our articulation of the necessary level of causation between the personal property at issue, and the resultant harm, is quite instructive to this case. In *Bufford*, we

emphasized that "the personal property waiver only applies in cases where the personal property itself causes the plaintiff's injury; **the personal property must be involved in the chain of causation.**" *Bufford*, 670 A.2d at 753 (emphasis provided). The majority fails to address *Bufford*'s causation language, and further fails to address the shoelaces' unquestionable direct involvement within the chain of causation of the Deceased's hanging.

I disagree with the majority's assertion that the Deceased's shoelace in the instant matter merely *facilitated* his death, such as the facilitation of the map and balloons cited in *Myers*, or the facilitation of the driver records in *Bufford*. *Accord Dean v. Department of Transportation*, 561 Pa. 503, 751 A.2d 1130 (2000), (in construing the exceptions to sovereign immunity under Section 8522, reliance on the "facilitation of the injury" language of prior cases was misplaced where a claim is one of concurrent causation). The Deceased's shoelaces, as tragically used in the instant matter by the Deceased to place around his neck and to asphyxiate himself, were directly and unarguably "involved in the chain of causation" of his death while in the State Police's custody. As such, I would hold that the State Police's failure to fulfill its duty to maintain custody and control of those shoelaces falls squarely within the personal property exception to sovereign immunity as embodied in Section 8522(b)(3), and I would accordingly affirm the trial court on this issue.

I concur with the majority's disposition in relation to the real estate exception articulated in Section 8522(b)(4) of the Judicial Code.

---

3. *Petition for allowance of appeal denied,* 527   Pa. 595, 588 A.2d 915 (1991).