**David MAILEY, Appellant,**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY; City of Philadelphia; Peco Energy Co.; Draco Investments; Consolidated Rail Corporation, d/b/a Conrail; National Railroad Passenger, d/b/a Amtrak; A.P. Construction, Inc.; Roma Concrete, Inc.**

**Southeastern Pennsylvania Transportation Authority, Third–Party Plaintiff,**

**v.**

**A.P. CONSTRUCTION, INC., Third–Party Defendant.**

No. 03–2487.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 22, 2004.

Decided July 2, 2004.

John J. Del Casale, Kenneth B. Grear, Law Offices of M. Mark Mendel, Philadelphia, PA, for Appellant.

J. Kurt Straub, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, for Appellees.

Before: ROTH, AMBRO and CHERTOFF, Circuit Judges.

## OPINION

ROTH, Circuit Judge.

David Mailey appeals an order of the United States District Court for the Eastern District of Pennsylvania, granting summary judgment to defendant Southeastern Pennsylvania Transportation Authority (SEPTA). Mailey filed a personal injury action in which he alleged negligence, arising from his fall from a railroad signal bridge. For the reasons discussed below, we will affirm.

On the night of July 1–2, 1999, Mailey, who was eighteen years of age at the time, consumed at least two forty-ounce bottles of beer and was intoxicated. He purchased more beer and then proceeded to trespass on property surrounding SEPTA's signal bridge, which supported rail signs, as well as high-voltage catenary wires that powered its trains. Mailey gained access to the signal bridge by climbing over or around two concrete barriers and a temporary orange mesh fence that SEPTA had installed to cover a breach in a permanent brick wall located on the southern edge of the 1400 block of West Somerset Street in Philadelphia. The brick wall ran along a steep drop-off to the SEPTA rail line. The signal bridge was at street level behind the brick wall. Mailey sat on the signal bridge, and his foot came in contact with a high-voltage catenary wire running underneath the bridge. The contact with the wire electrocuted and burned Mailey and caused him to fall approximately thirty feet to the tracks below. He sustained serious injuries.

In 2001, Mailey filed suit in state court against SEPTA, the City of Philadelphia, Amtrak, PECO Energy Company, Draco Investments, Inc., and Consolidated Rail

Corporation (Conrail).[1] After obtaining consent from all other defendants, Amtrak removed the case to the United States District Court for the Eastern District of Pennsylvania. Mailey stipulated to a voluntary dismissal of PECO, Amtrak, Conrail and Draco on the basis that they bore no responsibility for his injuries.[2]

SEPTA moved for summary judgment. Shortly thereafter, Mailey filed a motion pursuant to Federal Rule of Civil Procedure 56(f), seeking a continuance while the ownership of the brick wall was determined. The District Court, without explicitly deciding Mailey's Rule 56(f) motion, granted summary judgment to SEPTA on the basis that it was entitled to sovereign immunity from suit under state law. Following the District Court's grant of summary judgment, Mailey stipulated to the voluntary dismissal of the remaining defendant, the City of Philadelphia. All stipulated dismissals were approved by the District Court and were granted with prejudice.

Mailey appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. On appeal, Mailey argues that the District Court erred in granting summary judgment because his claims fit into the real estate and personal property exceptions to the sovereign immunity statute. Mailey also argues that the District Court erred in failing to consider his Rule 56(f) motion and affidavit when the affidavit indicated that there were outstanding discovery issues involving information that SEPTA possessed and that such information would have dem-

onstrated why summary judgment was inappropriate.

### A. Summary Judgment

We exercise de novo review of the District Court's grant of summary judgment. See Guardian Life Ins. Co. of Am. v. Goduti–Moore, 229 F.3d 212, 213 (3d Cir. 2000). Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. See Fed. R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Because this is a state law claim between two parties of diverse citizenship, we look to the Pennsylvania Supreme Court for guidance on interpretation of 42 Pa. Cons.Stat. Ann. §§ 8521–8528, Pennsylvania's sovereign immunity statute. See Koppers Co. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1445 (3d Cir.1996). Under Pennsylvania law, SEPTA is a "Commonwealth party" within the meaning of the statute. See Toombs v. Manning, 835 F.2d 453, 457 (3d Cir.1987). In Toombs, we deferred to the Pennsylvania Supreme Court's determination that SEPTA is a "Commonwealth party" as determined in Feingold v. S.E. Pa. Transp. Auth., 512 Pa. 567, 517 A.2d 1270, 1276 (Pa.1986). SEPTA is, therefore, entitled to protection from liability unless Mailey's claims come within one of the legislatively-created exceptions to immunity. We note that the sovereign immunity exceptions are to be narrowly construed. See Dean v. Com-

---

1. Although A.P. Construction, Inc., and Roma Concrete, Inc., appear in the caption of the appeal, the District Court denied permission to amend the caption to add these two entities as parties in its order entered December 3, 2001.

2. Removal remained proper on the basis of diversity jurisdiction pursuant to 28 U.S.C.

§ 1332. Mailey, at the time he filed his Complaint, was a citizen of the State of Washington. SEPTA and the City of Philadelphia, for purposes of federal jurisdiction, were Pennsylvania citizens. See Moor v. Alameda County, 411 U.S. 693, 717–18, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

*monwealth, Dept. of Transp.,* 561 Pa. 503, 751 A.2d 1130, 1132 (Pa.2000).

■ Mailey asserts that his claims fall within either the personal property or the real estate exceptions to sovereign immunity. The personal property provision provides that sovereign immunity shall not be raised where a plaintiff's injuries arise from personal property in the care, custody or control of the Commonwealth, except in circumstances inapplicable to this case. *See* § 8522(b)(3). Mailey argues that the damaged brick wall and the orange mesh fence were personal property in SEPTA's control and that the breach in the brick wall led to his injuries. Mailey does not cite any authority to persuade us that the personal property exception applies.

The brick wall, however, does not constitute personal property, but is a real estate fixture. As such, it cannot bring Mailey's claim within the personal property exception. *See, e.g., Warnecki v. S.E. Pa. Transp. Auth.,* 689 A.2d 1023, 1026 (Pa. Cmwlth.1997). The mesh fence was erected on the scene in place of the missing portion of the wall, and therefore, was arguably also a real estate fixture. Moreover, even if the brick wall and mesh fence were to be considered personal property, to prevail under the personal property exception, Mailey must show that there was a connection between the property and his injuries. *See id.* At most, Mailey has shown that the fenced-over breach in the brick wall enabled him to reach the location where he was injured, not that it caused his injuries.

The real estate exception provides that sovereign immunity shall not be a bar to recovery where a plaintiff's injury arises from a "dangerous condition of Commonwealth property." *See* § 8522(b)(4). Mailey asserts that the breach in the brick wall was a dangerous condition that led to

his injuries. Again, Mailey does not cite any persuasive authority.

To prevail under the real estate exception to sovereign immunity, Mailey must show that some defect or dangerous condition in the property itself directly caused his injuries. *See Jones v. S.E. Pa. Transp. Auth.,* 565 Pa. 211, 772 A.2d 435, 443–44 (Pa.2001). As previously discussed, Mailey has shown, at most, that the fenced-over breach in the brick wall permitted him ingress to the location where he sustained his injuries. That condition did not, however, cause his injuries. What caused Mailey's injuries was the high-voltage catenary wire, which he touched with his foot. Mailey does not allege, nor does there appear to have been, any defect with the wire.

Because neither the personal property nor the real estate exception applies, Mailey's claims are defeated by sovereign immunity. *See Toombs,* 835 F.2d at 465. Accordingly, the District Court properly granted summary judgment to SEPTA.

**B.  *Rule 56(f) motion***

■ We review the District Court's denial of Mailey's Rule 56(f) motion for abuse of discretion. *See Estate of Smith v. Marasco,* 318 F.3d 497, 522 (3d Cir.2003). Mailey sought to delay the District Court's consideration of the summary judgment motion because he claimed that information concerning ownership of the brick wall was solely in SEPTA's possession. He further claimed that the information would change the District Court's disposition on the appropriateness of summary judgment. In spite of Mailey's misleading arguments to the contrary, information on the ownership of the brick wall was accessible to him through public records. Moreover, in light of the fact that the brick wall was not the direct cause of Mailey's injuries, determination of ownership of the brick wall was immaterial to the District Court's decision.

We, therefore, conclude that the District Court did not abuse its discretion.

For the reasons stated above, we will affirm the grant of summary judgment in favor of defendant SEPTA.