**Neff v. PennDOT**

*Michael W. Zimecki,* for plaintiffs.
*John J. Hatzell Jr.,* for defendants.

RUEST, *J.,* May 11, 2009—Before the court are defendants' PennDOT and New Enterprise Stone and Lime Company Inc. (NESL) motion for summary judgment, filed on February 17, 2009. A hearing on the motion was held on March 27, 2009. Both parties submitted briefs. The court determines defendants' motion for summary judgment is denied.

## BACKGROUND

The matter arises out of an ATV accident that took place on a private roadway in Worth Township, Centre County, Pennsylvania. Plaintiffs seek to recover for injuries Mr. Neff sustained in the accident and for loss of consortium for Mary Neff. The complaint alleges PennDOT created a dangerous condition of the roadway when it had a fence constructed over the roadway's entire width and failed to warn of the dangerous condition thus created. PennDOT held an easement over the roadway east of the fence and held the roadway west of the fence in fee simple. The fence was erected along the easement boundary. Mr. Neff's accident occurred on the eastern, easement side of the fence. The complaint also alleges negligence on the part of NESL, the company that installed the fence.

## PROCEDURAL HISTORY

Plaintiffs initiated this lawsuit by filing a writ of summons on or about June 25, 2007, naming PennDOT and NESL as defendants. The complaint was filed on or about August 27, 2007. Defendants filed their answer and new matter on or about October 9, 2007. Plaintiffs replied to the new matter on or about October 26, 2007. Defendants filed the present motion for summary judgment on or about February 17, 2009.

## DISCUSSION

In Pennsylvania, motions for summary judgment are governed by the well-established standard set forth below:

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroversial allegations in the pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Barnish v. KWI Building Co.,* 916 A.2d 642, 645 (Pa. Super. 2007). Rule 1035.2 of the Pennsylvania Rules of Civil Procedure provides that where the non-moving party bears the burden of proof, that party must present facts sufficient to establish a prima facie case. Pa.R.C.P. 1035.2(2). Mere issues of fact are insufficient to defeat the motion. The non-moving party must produce admissible evidence to controvert the motion. *Id.*

Defendants raise two grounds for summary judgment: sovereign immunity and failure to produce evidence of facts essential to the cause of action. Plaintiffs claim that PennDOT negligently caused the erection of a right-of-way fence and failed to warn Mr. Neff of the existence

of the fence. Plaintiffs allege that PennDOT had a duty to place warnings concerning the fence on the border between the Crain estate's portion of the roadway and PennDOT's fee simple portion of the roadway. Plaintiffs also claim NESL was negligent for the same failure to warn and had a duty to place warnings as well. Plaintiffs further claim a contract exists between PennDOT and NESL and that NESL's conduct caused or contributed to Mr. Neff's injuries.

## I. *Sovereign Immunity*

The Commonwealth of Pennsylvania and its agencies enjoy immunity from civil suit unless immunity has been specifically waived. 42 Pa.C.S. §8521(a). Sovereign immunity has been waived by the legislature in nine specific areas as set forth in 42 Pa.C.S. §8522(b). One of the exceptions is found at 42 Pa.C.S. §8522(b)(4), which provides:

"(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: . . .

"(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency."

PennDOT holds the roadway west of the fence and the land on which the fence was erected in fee simple. PennDOT also holds an easement over the land on which the roadway runs east of the fence.

PennDOT relies on two cases in arguing that the real estate exception does not apply to the case at bar and that summary judgment should be granted. To this end, defendants argue that there is a difference between "causing" an injury and merely "facilitating" an injury. First, PennDOT relies on *Cowell v. PennDOT,* 883 A.2d 705 (Pa. Commw. 2005), in which the Pennsylvania Commonwealth Court held that the real-estate exception did not apply to injuries sustained by occupants of a vehicle that was struck by an object thrown onto their car by a juvenile standing on an overhead bridge. The court held that neither the bridge nor an artificial condition caused the plaintiff's injuries and that the injuries were caused by the actions of a third party. The second case on which PennDOT relies is *Pennsylvania State Police v. Klimek,* 839 A.2d 1173 (Pa. Commw. 2003), in which a claim of negligence was brought against a police department for the death of an arrestee who hanged himself in a holding cell. The issue in *Klimeck* was the jailer's duty to the arrestee, and the court only touched on the issue of the real property exception as it relates to the Commonwealth's ownership of the jail cell. The court found that the plaintiff's allegations did not "make out a cause of action that it was a 'dangerous condition of' the cell that was the direct cause of decedent's death when he committed suicide." *Klimek,* 839 A.2d at 1176.

The court determines defendants' argument that there is a distinction between facilitating and causing an in-

jury is a distinction without a difference as it pertains to the case at bar. Factual cause is conduct that plays a real role in causing injury. Pa. SSJI (Civ.) §3.15. Facilitating the injury has the same effect in this case. The court determines defendants could be liable for plaintiff Mr. Neff's injuries even without Mr. Neff actually striking or coming into contact with the real estate of the Commonwealth or anything erected on it. Accordingly, the court determines the requirements of the Real Estate Exception to Sovereign Immunity, 42 Pa.C.S. §8522(b)(4), have been met.

## II. *Failure To Produce Evidence of Facts Essential to the Cause of Action*

Defendants maintain plaintiffs have produced no evidence to support the claim that Mr. Neff's injuries were caused by the negligence of NESL. Defendants argue that there is no evidence NESL breached any general standard of care in the contracting industry and that there is no evidence that NESL breached any of the duties assumed through its contract with PennDOT. Plaintiffs maintain their cause of action for negligence against NESL for placing an obstacle in the roadway lies against governmental and non-governmental actors alike. Plaintiffs argue NESL was not a passive agent of PennDOT and thus had duties toward more parties than just PennDOT itself. Plaintiffs aver that NESL was involved in the creation of an artificial condition on the land and the common law charged it with a duty to act non-negligently when its conduct placed others in peril.

Under Pennsylvania law, a contractor has a duty to act without negligence. *St. Clair v. B & L Paving Company,*

270 Pa. Super. 277, 279, 411 A.2d 525, 526-27 (1979). This duty extends to those who are "within the foreseeable orbit of risk of harm." *Doyle v. South Pittsburgh Water Company,* 414 Pa. 199, 207, 199 A.2d 875, 878 (1964).

The court determines the question of whether NESL breached its duty to the plaintiffs is a question for the finder of fact. Accordingly, summary judgment is inappropriate and defendants' motion is denied.

Accordingly, the following is entered:

## ORDER

And now, May 11, 2009, upon consideration of defendants' motion for summary judgment, defendants' motion is denied.